SULLIVAN, Justice,
for the Court:
This wrongful death action was brought by Karen McCraw Skipworth and Donna Kaylon Skipworth, a minor, against Bobby Rabun and Dixie Insurance Company, Skip-worth’s uninsured motorist carrier.
Only one assignment of error has merit and that assignment requires that the case be reversed and remanded to the trial court.
On February 6, 1984, plaintiffs filed a Request for Admissions and when no response was forthcoming, plaintiffs filed a Motion for Partial Summary Judgment as to the liability of the defendant Rabun. Rabun admittedly filed his Response To Plaintiffs’ Request For Admissions outside the thirty (30) day time period prescribed by M.R.C.P., Rule 36. The response was filed on November 27, 1984, one day prior to the hearing on Plaintiffs’ Motion For Partial Summary Judgment.
Rabun’s counsel at the summary judgment hearing moved the court to allow him to withdraw the admissions and to serve a response. The trial court granted defendant leave to withdraw admissions, denied the Motion For Partial Summary Judgment and assessed expenses and attorney’s fees against the defendant. When the trial judge allowed the withdrawal of the admissions on the part of Rabun and the filing of his responses, he then found that partial summary judgment would not lie because there was a material issue of fact.
Rule 36 of M.R.C.P. provides in pertinent part as follows:
The matter is admitted unless, within thirty days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney_ Rule 36(a).
Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to the provisions governing amendment of a pre-trial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits. Rule 36(b). (Emphasis added).
Therefore, the issue is whether or not the trial judge followed Rule 36 or whether he abused his discretion in allowing the withdrawal of the admissions and the filing of the responses out of time.
We first addressed this issue in Educational Placement Services v. Wilson, 487 So.2d 1316 (Miss.1986), in which we said:
We do not intend here to suggest that any request for admissions to which a response, objection or motion for time has not been filed before the thirty-first day should be taken as irrevocably admitted. Necessary and practicable leniency, however, appear to have generated an air of benevolent gratuity about the administration of Rule 36. But, of course, there is no gratuity about it. Courts cannot give or withhold at pleasure. Rule 36 is to be enforced according to its terms. See Rutherford v. Bass Air Conditioning Co., 38 N.C.App. 630, 248 S.E.2d 887, 892 (1978).... This is particularly so where, as in the case at bar, not one word of explanation or excuse appears either in the record or in his brief on appeal why Wilson could not have responded to the request.
Id. at 1318.
Next, in Sawyer v. Hannan, 556 So.2d 696 (Miss.1990), we upheld the lower court’s denying defendant’s motion to withdraw deemed admissions, making summary judgment proper in the plaintiff’s favor. The controlling question was deemed admitted under Rule 36 and it was actually admitted in the untimely filed admissions.
That is not the case here. The circuit court denied the motion for partial summary judgment sixteen (16) months after the motion was heard, but the hearing was not transcribed. The reason for the late re *291 sponse to the admissions is explained in the response to the Skipworths’ ore tenus motion to reconsider the motion for partial summary judgment and in Defendant’s Response to Plaintiffs Motion for Reconsideration.
The reasons allegedly are twofold: (1) Raybun was financially unable to defend himself and needed assistance, and (2) after Dixie Insurance Company was added as a party, new defense counsel was added to protect their interests. However, since Dixie Insurance Company was added as a party defendant on March 30, 1987, and the Order Overruling the Motion for Partial Summary Judgment was granted on March 25, 1986, the second reason alleged could not have been argued at the original hearing on the motion for partial summary judgment.
Possibly what was argued at this hearing was that additional time to respond to the Request for Admissions was required since new counsel for Rabun was granted on April 25, 1985: This, however, is pure speculation. We do not know the circuit court’s rationale for denying the motion. This undoubtedly confirms our need to have a record of the original hearing in order that we may determine whether the trial court abused its discretion in its determination that Rabun offered legitimate grounds for his failure to timely respond.
Assuming arguendo that the first reason alleged in the motion for reconsideration is true, i.e., that Raybun was financially unable to defend himself, we find that this is not a justifiable excuse. If this were the basis for allowing withdrawal of the “deemed” admission, then the trial court abused his discretion.
There being no record of good and sufficient reason offered by Mr. Rabun to the trial judge for allowing the withdrawal of the admissions and the filing of a response, we conclude that it was an abuse of discretion for the trial court to allow the defendant on oral motion to withdraw the admissions and file responses out of time.
REVERSED AND REMANDED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, ANDERSON, PITTMAN and BLASS, JJ., concur.