IN THE SUPREME COURT OF MISSISSIPPI
NO. 94-CA-01072-SCT

*KAREN MCCRAW SKIPWORTH AND DONNA KAYLON SKIPWORTH, A MINOR, BY AND THROUGH KAREN SKIPWORTH, NATURAL MOTHER AND NEXT FRIEND*

*v.*

*SHIRLEY RABUN, ADMINISTRATRIX OF THE ESTATE OF BOBBY RABUN, DECEASED, AND DIXIE INSURANCE COMPANY*

| | |
|---|---|
| DATE OF JUDGMENT: | 09/30/94 |
| TRIAL JUDGE: | HON. JAMES E. GRAVES JR. |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | WAYNE E. FERRELL, JR. |
| ATTORNEYS FOR APPELLEES: | THOMAS Y. PAGE |
| | WALTER C. MORRISON, IV |
| | REBECCA L. WIGGS |
| NATURE OF THE CASE: | CIVIL - WRONGFUL DEATH |
| DISPOSITION: | AFFIRMED - 12/5/96 |
| MOTION FOR REHEARING FILED: | 12/31/96 |
| MANDATE ISSUED: | 12/30/97 |

**BEFORE SULLIVAN, P.J., ROBERTS AND SMITH, JJ.**

**SMITH, JUSTICE, FOR THE COURT:**

¶1. This case comes on appeal to this Court for a second time from an adverse decision of the Circuit Court of Hinds County on the same issue as previously raised on appeal by Karen Skipworth in *Skipworth v. Rabun*, 568 So. 2d 289 (Miss. 1990) (*Skipworth I*). Skipworth filed requests for admissions in this previous action that went unanswered by Shirley Rabun for approximately eight months outside of the thirty day time period set out by Miss. R. Civ. P. 36. Skipworth moved for summary judgment but the trial court allowed Rabun to withdraw the admissions and substitute responses. Skipworth appealed the subsequent jury verdict for Rabun and this Court reversed the trial court decision to allow substitution of responses and remanded for the trial court to determine if Rabun had a legitimate reason for failure to timely respond to the request for admissions.

¶2. On remand, the trial court allowed rebuttal evidence to the matters deemed admitted and granted summary judgment to Rabun and the co-defendant, Dixie Insurance.

¶3. Skipworth now appeals and argues that on remand the trial court erred in holding that the default

admissions were inconclusive and therefore erred in allowing rebuttal evidence. Skipworth claims that the trial court erred in denying her motion for summary judgment based on the default admissions. Skipworth also argues that this Court's previous ruling on the default admissions was final so as to preclude the trial court from allowing any withdrawal or amendment of the default admissions.

¶4. Rabun responds that the findings of fact from the first trial remain undisturbed including the finding that the decedent, Skipworth's husband, was at fault. Dixie, the co-defendant, argues that the default admissions of Rabun are not binding and do not preclude it from introducing evidence of Skipworth's liability. Rabun argues that the award of summary judgment was proper since the case was remanded on one issue and therefore the initial findings of fact were not to be disturbed.

¶5. After thorough discussion, we find that in *Skipworth I*, because of the absence of a record on this issue, this Court remanded on the single issue of whether there was a legitimate reason for the lower court to allow Rabun to withdraw admissions and respond. Other than the listed reason of inability to afford legal services, which was rejected, the *Skipworth I* court was unable to determine why the trial judge granted Rabun's motion to withdraw admissions. Subsequent to the *Skipworth I* remand, this Court decided *Martin v. Simmons*, 571 So. 2d 254 (Miss. 1990), which mandated "a duty [by the trial court] to review those interrogatories" in order to consider whether a genuine issue of material fact existed. *Id*. at 258. The trial judge on remand applied *Martin* and examined Rabun's answers to interrogatories which obviously denied liability. The judge then granted Rabun's motion, and denied summary judgment. Because the case had already proceeded to a jury trial resulting in a verdict in favor of Rabun, the trial judge determined that nothing remained to litigate. We agree and therefore affirm.

### FACTS

¶6. This appeal arises from the trial court's ruling on various motions filed by all parties following this Court's decision in *Skipworth I*. In the prior action, the Skipworths filed a wrongful death action on September 9, 1983, against Bobby Rabun. On June 27, 1981, Donald Skipworth was killed in an automobile accident at the intersection of Walnut Street and Winter Street in Jackson. The wrongful death action was brought by Skipworth's wife who at that time was pregnant with their child, Donna. The Skipworths propounded requests for admissions to the defendant, Bobby Rabun, in the original action on February 4, 1984. Rabun did not file his response until November 27, 1984, approximately eight months after the 30 day time period prescribed by Miss. R. Civ. P. Rule 36. Therefore, all matters contained in the Skipworths' requests for admissions were deemed admitted under Rule 36. At an unrecorded hearing, the lower court subsequently granted Rabun leave to withdraw his admissions and denied the Skipworths' partial summary judgment motion as to the matters deemed admitted. The Skipworths filed an interlocutory appeal to this Court, which was denied. The case went to trial and the jury subsequently returned a verdict for the defendant, Rabun.

¶7. The Skipworths then appealed to this Court which reversed the trial court's ruling on the admissions issue and remanded this action in *Skipworth v. Rabun*, 568 So. 2d 289 (Miss. 1990). In *Skipworth,* this Court stated that the issue was whether or not the trial judge followed Rule 36 or whether he abused his discretion in allowing the withdrawal of the admissions and the filing of the response out of time. *Skipworth*, 568 So. 2d at 290. This Court further stated:

We do not know the circuit court's rationale for denying the motion. This undoubtedly confirms

our need to have a record of the original hearing in order that we may determine whether the trial court abused its discretion in its determination that Rabun offered legitimate grounds for his failure to timely respond. Assuming arguendo that the first reason alleged in the motion for reconsideration is true, i.e. that Raybun [sic] was financially unable to defend himself, we find that this is not a justifiable excuse. If this were the basis for allowing withdrawal of the "deemed" admission, then the trial court abused his discretion.

*Id.* at 291. *Skipworth* held that since there was "no record of a good and sufficient reason offered by Rabun to the trial judge for allowing the withdrawal of the admission and the filing of a response, we conclude that it was an abuse of discretion for the trial court to allow the defendant on oral motion to withdraw the admissions and file responses out of time." *Id.*

¶8. The matters that the Skipworths deem admitted are as follows: (1) that Rabun was guilty of negligence *per se*; (2) Skipworth died as a result of injuries sustained by him when he collided with the buildings after Rabun forced him off the road; (3) the negligence of Rabun proximately caused the injury and death of Donald Skipworth; (4) plaintiffs suffered damages in the amount of at least $150,000 due to the loss of their husband and father; (5) Rabun is legally liable for the losses and damages suffered by the plaintiffs as a result of the death of Donald Skipworth; and (6) as a result of the above admissions, the Skipworths are entitled to a judgment of at least $150,000 as a matter of law.

¶9. On remand, the Skipworths again moved in the trial court for summary judgment against Rabun and Dixie Insurance Company[1] on November 21, 1990, based on the admissions by Rabun in the initial proceeding. Rabun's estate filed a response to the Skipworth summary judgment motion on December 10, 1990. The estate of Rabun contends that pursuant to Miss. R. Civ. P. 36(b) these admissions should be withdrawn since "the presentation of the merits of the action will be subserved thereby" and that the Skipworths would not be prejudiced in maintaining this action.

¶10. In an attempt to reconstruct the events surrounding the earlier motion to withdraw as desired by this Court, Rabun again filed a motion to withdraw which included affidavits from the judge who granted Rabun's earlier motion and from defense counsel for both Rabun and Dixie Insurance Company. The motion included an unsigned affidavit from Rabun's attorney who is now deceased. Several people involved in the original claim are now deceased: Rabun, himself the victim of a hit and run accident; Emerson Sterling, the claims adjuster who originally assigned the defense to Suzanne Saunders concerning the uninsured motorist claim for the $10,000 policy limit; B. Galloway Austin, defense counsel for Rabun; and, as mentioned earlier, Donald Skipworth, the plaintiffs' husband and father. The Skipworths argue that these affidavits are contradictatory evidence and cannot be admitted.

¶11. Rabun also argued in response to the Skipworth's motion summary judgment that pursuant to this Court's ruling in *Martin v. Simmons,* 571 So. 2d 254 (Miss. 1990), decided after *Skipworth I*, that Skipworth's responses to interrogatories conflicted with her admissions, if these were not withdrawn. Because a general issue of material fact existed, Rabun argued summary judgment would therefore be improper.

¶12. Skipworth claimed that the *Skipworth I* court possessed these interrogatories on appeal and did not rely upon them to determine if there was a genuine issue of material fact. The trial judge on remand, relying on *Martin*, denied the Skipworth summary judgment motion and declared the Rabun

estate's motion to withdraw, which was based on several affidavits, moot. Rabun then agreed to withdraw the affidavits which were attacked in Skipworth's motion to strike.

¶13. The Skipworths then petitioned this Court for an interlocutory appeal which was denied. Returning to the trial court, the Skipworths moved on September 9, 1993, for a trial setting. Dixie Insurance Company opposed the Skipworths' motion for trial setting and were joined in opposition by the Rabun estate in arguing that there had already been a complete trial on the merits resulting in a judgment for Rabun. The trial court granted the Skipworths' motion and set the trial for October 11, 1994. Dixie Insurance, later joined by the Rabun estate, filed a summary judgment motion on August 12, 1994, and claimed that no issues remained for litigation. The trial court granted the defendants' summary judgment motion and entered final judgment.

## DISCUSSION OF LAW

### I. WHETHER THE TRIAL COURT ERRED IN HOLDING THAT MATTERS DEEMED ADMITTED UNDER M.R.C.P. 36 (B) CAN BE REBUTTED BY CONTRADICTORY EVIDENCE?

¶14. Skipworth strenuously argues that the trial court erroneously ruled that matters deemed admitted by this Court in *Skipworth* **I** were not conclusively established and could thus be rebutted by other evidence. Skipworth submits that the lower court's ruling is directly contrary to Miss. R. Civ. P. 36(b), case law, and the federal interpretation of Rule 3(b). Rule 36(a) and (b) of the M.R.C.P. states in pertinent part as follows:

> (a)The matter is admitted unless, within thirty days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney . . . .

> (b)[a]ny matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. *Subject to the provisions governing amendment of a pre-trial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits.* Any admission made by a party under this rule is for the purpose of the pending action only and is not an admission by him for any other purpose nor may it be used against him in any other proceeding. (emphasis added).

Skipworth cites extensively to federal interpretation of Rule 36 and its commentary as well as to case law in other jurisdictions. The Comment to Fed. R. Civ. P. 36(b) states that an admission has a "conclusively binding effect" for the purposes of the pending action only, unless it is withdrawn or amended. "In form and substance a Rule 36 admission is comparable to an admission in pleadings or a stipulation drafted by counsel for use at trial, rather than an evidentiary admission of a party." Fed. R. Civ. P. 36(b), Cmt. The Comment continues, "Unless the party securing an admission can depend on its binding effect, he cannot safely avoid the expense of preparing to prove the very matters on which he has secured the admission, and the purpose of the rule is defeated."

¶15. Skipworth contends that if a party who has admitted certain facts, whether voluntarily or by default, is allowed to subsequently offer evidence in contradiction of those admissions, then Rule 36 serves no purpose whatsoever. Carried to its logical extreme, Skipworth argues, parties will no longer be able to rely on an opposing party's answer, responses to interrogatories, or stipulations, and will have to be prepared to defend any issues at trial.

¶16. Skipworth cites to *Dukes v. South Carolina Ins. Co.,* 770 F.2d 545 (5th Cir. 1985). In *Dukes*, the plaintiffs appealed from an entry of summary judgment in their lawsuit claiming entitlement to an insurance policy which they had purchased on a tractor. The tractor had been listed in the policy as a 1971 model, and the insurance company denied the claim, alleging that the tractor was actually manufactured in 1965, and was therefore uninsurable under insurance company guidelines. The plaintiffs failed to respond timely to requests for admissions, and on motion for summary judgment attempted to rebut the matters deemed admitted concerning the year model of the tractor. 770 F.2d at 548. The Fifth Circuit affirmed the granting of summary judgment in favor of the defendant insurer, and held that the district court had not abused its discretion in ruling that the matters were deemed admitted, and held that once admitted, those matters could not be rebutted by contrary evidence. *Id.* at 548-49.

¶17. Skipworth cites to the following cases in support of his proposition that evidence contrary to the admission can not be entered into evidence: *American Auto Ass'n v. AAA Legal Clinic*, 930 F.2d 1117 (5th Cir. 1991) (holding that admission not withdrawn or amended cannot be rebutted by contrary testimony or subjected to a credibility analysis); *General Elec. Co. v. Paul Forsell & Son, Inc.,* 394 A.2d 1101, 1103 ( R. I. 1978)(holding that binding effect of admission necessary to allow party to rely on it); *Fleitz v. Van Westrienen,* 560 P.2d 430 (Ariz.1977)(holding that Rule 36 admissions "fall within the category of judicial admissions which preclude attempts to dispute the admitted fact or to submit evidence to disprove them"); *Airco Indus. Gases v. Teamster's Welfare Pension Fund*, 850 F.2d 1028 (3rd. Cir. 1988)(holding that an admission is "an unassailable statement of fact that narrows the triable issues in the case"); *All-state's Leasing Co. v. Top Hat Lounge*, 649 P.2d 1250 (Mont. 1982).

¶18. Rabun responds that Skipworth's summary judgment motion was based entirely on the matters deemed admitted due to Rabun's failure to timely respond. In some of the cases cited above, no request to withdraw admissions was ever made. Here, the Skipworths filed a motion for partial summary judgment as to the liability of Rabun. Rabun's response was filed many months after the time period prescribed by Rule 36, and only one day prior to the hearing on the Skipworth motion for partial summary judgment. At the hearing, Rabun's counsel did submit a request to withdraw admissions and served a response. *Skipworth I*, 568 So. 2d at 289. The trial court allowed him to do so. The case relied upon in *Skipworth I* was *Educational Placement Servs. v. Wilson,* 487 So. 2d 1316, 1318 (Miss. 1986) which held that Rule 36 "was to be enforced according to its terms." This rule is particularly applicable when no explanation is offered. *Id.* Here, however, Rabun did offer explanations and filed a response and a motion to withdraw.

¶19. There is somewhat of a procedural quandary created when *Skipworth I* is read in conjunction with what actually occurred on remand. This case was remanded to determine why the motion to withdraw was granted, yet apparently there never was a record of the hearing, which would have answered this question. Moreover, several of the parties involved are no longer available either due

to death or change of position during the ensuing years. Therefore, there remained few alternatives to allow Rabun to comply with this Court's ruling except to supply affidavits which detailed what those involved remembered as occurring.

¶20. This Court does not interpret *Skipworth I* as a final determination such that the lower court erred and abused its discretion in allowing Rabun to withdraw his admissions. We find that *Skipworth I* simply specified that such would be the case (error and abuse of discretion) if the lower court upon remand determined that the reason that Raybun was allowed to withdraw his admissions was because he was financially unable to defend himself. *Id.* at 290.

¶21. On remand, the lower court conducted a hearing on several motions that were filed. In attempting to recreate the situation, Rabun filed a motion to withdraw admissions which included affidavits from his attorney, the judge who conducted the previous hearing allowing him to withdraw his admissions[2], and an unsigned affidavit from his first attorney, Galloway Austin, who has since died. Skipworth then filed a motion to strike the following affidavits attached to Rabun's motion: Leslie Kelly, former attorney for Dixie; Galloway Austin, former attorney for Rabun; and Suzanne Saunders, Rabun's current attorney. Skipworth also filed a summary judgment motion, contending that this Court's opinion meant that Rabun's lack of response should therefore be taken as admitting liability and as a result the Skipworths' were due at least $150,000, thus making summary judgment proper. Dixie, joined by Rabun, filed a summary judgment motion as well.

¶22. Rabun relies almost exclusively on *Martin v. Simmons*, 571 So. 2d 254, 257 (Miss. 1990), which states that "the [t]rial court must review carefully all of the evidentiary matters before it-- admissions in pleadings, answers to interrogatories, depositions, affidavits, etc." Interrogatory responses were filed in *Martin* and the Court held that the chancellor "had a duty to review those interrogatories" to consider whether or not there was a genuine issue of material fact. *Id.* at 258. Rabun contends that *Martin* requires the trial court to consider Rabun's responses to interrogatories to determine if there was a genuine issue of material fact. Rabun's answers to the interrogatories obviously deny liability.

¶23. However, Skipworth contends that this Court's holding in *Martin* does not apply because, after Skipworth reviewed the actual record in *Martin*, Skipworth concluded that this Court omitted a key fact which makes *Martin* inapplicable to the case *sub judice*. Skipworth claims that the *Martin* opinion omitted the fact that the information contained in the interrogatories in *Martin* was not information deemed admitted in the request for admissions. Skipworth also claims that the *Skipworth I* court had the interrogatories at issue in that record, but did not rely upon them to determine whether there was a genuine issue of material fact.

¶24. This Court finds that we are bound by the opinion in *Martin*, and to suggest that the opinion omitted a fact which we must now consider places a extremely heavy burden on this Court. The issue of the interrogatories was not presented to the *Skipworth I* court. However, on this appeal, that issue squarely confronts us. The lower court judge on remand, relying on *Martin*, considered the interrogatories and determined that there was a genuine issue of material fact. The findings of the trial judge were correct in light of *Martin*. Thus, Skipworth was not entitled to summary judgment. We conclude that the lower court judge in the first trial was correct in allowing the issue to go to the jury, which returned a verdict for the defendant Rabun. There was nothing left to litigate. There is no

merit to Skipworth's claim.

**II. WHETHER THE TRIAL COURT ERRED IN GRANTING RABUN'S SUMMARY JUDGMENT MOTION AND DENYING SKIPWORTH'S SUMMARY JUDGMENT MOTION.**

¶25. This Court approaches summary judgments with caution. *See **Martin,*** 571 So. 2d at 258; ***Allen v. Mayer,*** 587 So. 2d 255, 259 (Miss. 1991); ***Mink v. Andrew Jackson Cas. Ins. Co.***, 537 So. 2d 431 (Miss. 1988). Skipworth assumes the conclusiveness of the admissions and continues to argue that the Skipworth summary judgment motion should have been granted. We find that this issue lacks merit as the conclusiveness of the admissions in this particular case are not established in order to allow Skipworth to reach the issue of summary judgment when such motion was based on the lack of a genuine issue of material fact.

**III. WHETHER THIS CASE SHOULD BE REMANDED TO FOR A RULING ON RABUN'S MOTION TO WITHDRAW ADMISSIONS, AND IF SO, WHETHER THE TRIAL COURT WILL BE PRECLUDED FROM RECEIVING ADDITIONAL EVIDENCE ON THAT ISSUE.**

¶26. The lower court judge, on remand, based on ***Martin***, determined that a genuine issue of fact existed due to Rabun's answers to the interrogatories. We agree. This finding meant that the matter had properly gone to trial before a jury several years ago, and since that jury returned a verdict for the defendants, there were no remaining issues to litigate. Thus, we hold that a summary judgment motion in favor of Rabun and Dixie was proper. We hold that to remand this case again would be unnecessary. There is no merit to this issue.

<u>CONCLUSION</u>

¶27. The procedure followed by the trial court on remand was in line with the dictates of ***Skipworth I***. Also, given the holding in ***Martin*** and the affidavit from Judge Bell, this Court concludes that the intention of the ***Skipworth I*** court was carried out.

**¶28. JUDGMENT AFFIRMED**.

**PRATHER AND SULLIVAN, P.JJ., PITTMAN, ROBERTS AND MILLS, JJ., CONCUR. LEE, C.J., CONCURS IN RESULT ONLY. BANKS, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY McRAE, J. McRAE, J., DISSENTS WITH SEPARATE WRITTEN OPINION.**

**BANKS, JUSTICE, DISSENTING:**

¶29. I reluctantly dissent. I fear that the majority misinterprets our holding in ***Martin v. Simmons***, 571 So. 2d 254 (Miss. 1990) and our prior holding in this case. Answers to interrogatories do not trump admissions. Either Rabun should have been allowed to withdraw the admissions or defendants

should have suffered partial summary judgment. Neither occurred here.

## I.

¶30. The majority, in an effort to prevent a second remand, reinterprets our first remand and then proceeds to ignore the fact that the trial court failed to do what it was commanded to do under the majority's new interpretation.

¶31. The majority says that we remanded this case "on the single issue of whether there was a legitimate reason for the lower court to allow Rabun to withdraw admissions and respond." If that is so, why do we not compel the circuit court to do as instructed? I do not find where this "single issue" has been determined by the trial court. What this Court said is that "we conclude that it was an abuse of discretion for the trial court to allow the defendant on oral motion to withdraw the admissions and file responses out of time." *Skipworth v. Rabun*, 568 So. 2d 289, 291 (Miss. 1990). What this says to me is that on remand the trial court was to proceed as dictated by state of the record as made or to be made. That is, the admissions were to stand unless the trial court was presented a written motion for leave to withdraw which could be granted for reasons sustainable under our law.

## II.

¶32. What the trial court did was rely upon our decision in *Martin v. Simmons*, for the proposition that contradictory answers to interrogatories may be used to rebut matters deemed admitted. The question before us, then, is whether the trial court's interpretation of *Martin* comports with that decision and our rules.

¶33. Skipworth urged below and argues here that what *Martin* stands for is that once admissions are deemed unassailable it remains to be decided whether those admissions together with all of the other indicia of evidence before the court dictate summary judgment. That is, admissions are fine for what is admitted but they do not preclude the existence of a genuine dispute regarding a material fact which is beyond the scope of the admissions. She asserts that the claim in answer to interrogatories that possession was by permission was beyond the scope of the admission that there was possession for the period of prescription that was "actual, open, notorious, visible, continuous, uninterrupted, peaceful and exclusive." *Martin v. Simmons*, 571 So. 2d at 256.

¶34. Whatever may be said of the question whether an allegation of possession by permission is in fact beyond the scope of the admission that possession was "open, notorious. . . peaceful and exclusive (the word "hostile" is not included in the admission)," it is clear that this interpretation of *Martin* comports with the body of law with respect to whether Rule 36 admissions may, with effect, be refuted by other evidence. *See American Auto Ass'n v. AAA Legal Clinic,* 930 F.2d 1117 (5th Cir. 1991); *Airco Industrial Gases v. Teamsters Welfare Pension Fund,* 850 F.2d 1028 (3rd Cir. 1988); *Dukes v. South Carolina Ins. Co.,* 770 F.2d 545 (5th Cir. 1985); *O'Bryant v. Allstate Ins. Co.,* 107 F.R.D. 45 (D. Conn. 1985); *Equal Employment Commission v. Baby Products Co.,* 89 F.R.D. 129 (E.D. Mich. 1981); *General Electric Co. v. Paul Forsell & Son, Inc.,* 121 R.I. 11, 394 A.2d 1101 (1978); *Fleitz v. Van Westrienen,* 114 Ariz. 246, 560 P.2d 430 (1977); *Allstates Leasing Co. v. Top Hat Lounge,* 198 Mont. 1, 649 P.2d 1250 (1982); *W. W. and W. B. Gardner v. Park West Village, Inc.,* 568 P.2d 734 (Utah 1977); *People v. Mindham,* 625 N.E.2d 835 (Ill. App. 2 Dist. 1993), *cert. denied*, 638 N.E.2d 1211 (1994); *Albitus v. Farmers & Merchants Bank*, 159 Ga.

App. 406, 283 S.E.2d 632 (1981); *F. W. Means & Co. v. Carstens*, 428 N.E.2d 251 (Ind. App. 1981). Rabun cites no contrary authority. She urges that we hold that the rule prohibiting evidence contradictory to admissions not obtain with respect to admissions by default. I see no wisdom in creating some lesser class of admissions. Admissions which are not allowed to be withdrawn or amended should stand on an equal footing whether affirmatively stated or deemed so by default.

¶35. Accordingly, I agree with the Skipworths that our decision in *Martin* does not sanction the use of contradictory evidence to rebut admissions.

III.

¶36. It was argued below that Rabun was precluded from filing a renewed motion for relief from the admissions. The circuit court never decided this issue. It appears that it was sidetracked by the *Martin* argument. In my view, as expressed above, Rabun was correct. This Court did not remand this case to reconstruct a record in support of an earlier ruling. Nor did it remand for entry of partial summary judgment. It remanded for reconsideration of the question of the partial summary judgment with the admissions standing as admitted unless and until a proper motion was filed and heard and the admissions withdrawn or amended on the basis of reasons soundly grounded in our law. In my view, that is what we should do once again.

**McRAE, J., JOINS THIS OPINION.**

**McRAE, JUSTICE, DISSENTING:**

¶**37.** It is apparent that the majority has failed to appreciate fully the impact of the deemed admissions by Rabun. Because the doctrine of judicial estoppel is applicable in the case *sub judice*, the trial court erred in determining that the admissions were not conclusive and in allowing Rabun to present contradictory evidence.

¶38. The doctrine of judicial estoppel is based on the expedition of litigation between the same parties by requiring orderliness and regularity in pleading. *Thomas v. Bailey*, 375 So.2d 1049, 1053 (Miss. 1979). Judicial estoppel will be applied in civil cases where there is multiple litigation between the same parties and one party knowingly asserts a position inconsistent with the position in the prior litigation. *State ex rel Holmes v. Griffin*, 667 So.2d 1319, 1324 (Miss. 1995); *Hoover v. State*, 552 So.2d 834, 838 (Miss. 1989).

¶39. In *Skipworth v. Rabun (Skipworth I)*, 568 So.2d 290, 291 (Miss. 1990), we determined that if the trial court allowed withdrawal of admissions based on Rabun's financial inability to defend himself, then the trial court abused its discretion. On remand, the trial court subsequently allowed Rabun to present affidavits to rehash his earlier motion to withdraw admissions. It is clear that in the remanded case, which is now on appeal, Rabun's claim for a summary judgment is based on affidavits which are contradictory to deemed admissions by Rabun in the original proceeding. Because the position asserted by Rabun is inconsistent with the prior deemed admissions, the evidence is barred by judicial estoppel. Without this evidence, the trial court could not have granted a summary judgment on Rabun's behalf. Therefore, the trial court erred by allowing the contradictory evidence to serve as a basis for granting summary judgment relief to Rabun. Accordingly, I dissent.

1. The brief of the appellant Skipworth states that Rabun was uninsured at the time of the accident and, therefore, the Skipworths added their uninsured motorist carrier, Dixie Insurance Company, as a defendant. The brief states that Dixie was added on July 26, 1995. However, Dixie is listed as a party in the opinion issued by this Court on October 10, 1990, therefore the July 26, 1995 date appears to be mistaken. Skipworth states that Dixie has denied coverage and at the time of briefing of the instant case, the Skipworths were pursuing a bad faith claim against Dixie in federal court.

2. James Bell stated in his affidavit that "it was his experience that certain older members of the bar were unfamiliar with the Miss. R. Civ. P. and [he] was convinced at the hearing Mr. Austin [ age 75] did not appreciate the significance of failing to file a timely response to Request for Admissions."