It is apparent that the majority has failed to appreciate fully the impact of the deemed admissions by Rabun. Because the doctrine of judicial estoppel is applicable in the case subjudice, the trial court erred in determining that the admissions were not conclusive and in allowing Rabun to present contradictory evidence.
The doctrine of judicial estoppel is based on the expedition of litigation between the same parties by requiring orderliness and regularity in pleading. Thomas v. Bailey, 375 So.2d 1049, 1053 (Miss. 1979). Judicial estoppel will be applied in civil cases where there is multiple litigation between the same parties and one party knowingly asserts a position inconsistent with the position in the prior litigation. State ex rel. Holmes v.Griffin, 667 So.2d 1319, 1324 (Miss. 1995); Hoover v. State,552 So.2d 834, 838 (Miss. 1989).
In Skipworth v. Rabun (Skipworth I), 568 So.2d 289, 291 (Miss. 1990), we determined that if the trial court allowed withdrawal of admissions based on Rabun's financial inability to defend himself, then the trial court abused its discretion. On remand, the trial court subsequently allowed Rabun to present affidavits to rehash his earlier motion to withdraw admissions. It is clear that in the *Page 1016 
remanded case, which is now on appeal, Rabun's claim for a summary judgment is based on affidavits which are contradictory to deemed admissions by Rabun in the original proceeding. Because the position asserted by Rabun is inconsistent with the prior deemed admissions, the evidence is barred by judicial estoppel. Without this evidence, the trial court could not have granted a summary judgment on Rabun's behalf. Therefore, the trial court erred by allowing the contradictory evidence to serve as a basis for granting summary judgment relief to Rabun. Accordingly, I dissent.