WRIGHT, Presiding Judge.
Plaintiff United States Leasing Corporation filed suit against defendant Homer G. *564 Steadham alleging breach of an equipment leasing agreement and demanding judgment in the amount of $3,125.16. Along with the complaint plaintiff served a Request for Admissions under Rule 36, ARCP. These pleadings were served on December 30, 1976.
On February 14, 1977, the trial court granted a motion by plaintiff to compel answers to the Request for Admissions and gave defendant ten days to answer. Defendant failed to answer the Request for Admissions within the ten days. On March 10, 1977, plaintiff filed a motion requesting that the facts in the Request for Admissions be taken as established pursuant to Rule 36(a), ARCP and for summary judgment. On March 21, 1977, defendant filed his answers to the Request for Admissions. On March 25, 1977, plaintiff withdrew its motion for summary judgment.
On April 18, 1977, defendant filed an answer to the complaint denying that he had breached the leasing agreement and a counterclaim alleging fraud by plaintiff.
On May 13, 1977, the trial court entered an order establishing the facts in plaintiff’s Request for Admissions. The substance of the Request for Admissions went to the material allegations of plaintiff’s complaint and amounted to an admission of liability and the amount of that liability. Plaintiff subsequently filed another motion for summary judgment which was granted by the court on June 17, 1977. Defendant filed no further pleadings for nearly two years.
On March 9,1979, plaintiff filed a motion for summary judgment on defendant’s counterclaim with a supporting affidavit. The trial court granted that motion.
Defendant appeals from the granting of plaintiff’s motions for summary judgment.
We consider first plaintiff’s motion for summary judgment on its complaint. The trial court granted this motion based on the pleadings, a copy of the lease, and the admissions deemed established by reason of Rule 36(a). No other evidence was before the court.
Defendant contends that the trial court abused its discretion in not accepting his tardy responses to the requested admissions. He cites Billingsley v. Gordon, 340 So.2d 743 (Ala.1976) as controlling precedent. However, we do not find that case to be controlling of the result in this one. There the trial court had denied a motion by the plaintiff to allow the tardy responses. The denial of this motion was found to be an abuse of discretion. Here no motion was made to allow the response nor was one made to withdraw or amend the admissions, and summary judgment had been entered thereon two years before complaint of any kind was made.
Defendant cites Evans v. Insurance Company of North America, 349 So.2d 1099 (Ala.1977), and federal cases cited therein as calling for the exercise of the trial court’s discretion even in the absence of a motion, amendment or withdrawal. He cites no case where, as here, a party has allowed a case to proceed to judgment without any objection to the establishment of the admissions as fact. Defendant has ignored a valid request for admissions and an order of the court directing him to answer that request. He failed to adequately raise any objection to the admissions in response to plaintiff’s motion for summary judgment or by motion to set aside the summary judgment.
Defendant holds a similar position as one who has allowed the introduction of illegal evidence without objection. He claims an abuse of the court’s discretion when he never by motion invoked that discretion under Rule 36(b). The trial court merely followed the mandate of Rule 36(a).
Defendant further contends that the request for admissions was beyond the scope of Rule 36 in that it went to the material allegations of plaintiff’s complaint. In support of this contention he cites Pick-ens v. The Equitable Life Assurance Society of the United States, 413 F.2d 1390 (5th Cir. 1969).
Pickens was decided before the 1970 Amendment to Federal Rule of Civil Proce *565 dure 36 upon which the Alabama rule is based. The 1970 amendment changed FRCP 36 to allow request's for admission as to the application of law to the facts of a case. Requests for admission of material allegations of a complaint are no longer considered beyond the scope of Rule 36. See 4A Moore’s Federal Practice 36.04[4] (1975).
It is well established that admissions established by reason of Rule 36(a) are a sufficient basis for summary judgment. Evans v. Insurance Company of North America, Supra. The admissions in this case, established as facts, are sufficient for summary judgment on plaintiff’s complaint. The trial court’s order granting summary judgment was appropriate.
We turn now to the summary judgment on defendant’s counterclaim. Defendant’s counterclaim for fraud is based on misrepresentations allegedly made by George King. Defendant alleges that King, acting as an agent of plaintiff, represented to him that if the leased equipment failed to function satisfactorily, it would be removed and his obligation to pay extinguished.
The exhibits and the affidavit of George King which accompanied plaintiff’s motion for summary judgment show conclusively that King was not an agent of plaintiff and was not empowered to make any representations on behalf of plaintiff. The lease itself states that King is a salesman for Pitney-Bowes, Inc., and that he is not an agent of plaintiff. Defendant’s affidavit merely reinforces this evidence. He states that King represented to him that Pitney-Bowes would stand behind the equipment. There is nothing in the affidavits or exhibits which would indicate that King was an agent of plaintiff or had been represented to be one. Under no view of the facts before the trial court could defendant recover against plaintiff on his counterclaim for fraud. Summary judgment was appropriate in this case. Ancora Corporation v. Miller Oil Purchasing Co., 361 So.2d 1008 (Ala.1978).
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.