BRADLEY, Presiding Judge.
This is a contract case.
The plaintiff, Mr. Joel M. Bank, entered into two separate contracts with the defendant, Mr. Richard R. Thomson. One of the contracts required repair work to be performed on the plaintiff’s garage while the other required repair work to be done on a duplex owned by the plaintiff.
Prior to the trial in this case the plaintiff filed a written request for admissions with the defendant. The request sought the defendant’s admission that both construction contracts were authentic, that the defendant received a $2,250 advancement for work to be performed under the contracts, and that time was of the essence in each contract, that work under one contract was for the purpose of making the garage in question suitable for storage purposes while work under the other contract was for purposes of making the duplex in question habitable. The request for admissions also sought the defendant’s admission that he breached each of the contracts and that his failure to perform on each contract caused the plaintiff damages in the amount of $3,985.
In his response to plaintiff’s request for admissions, the defendant failed to respond to each request, failed to sign the response, and did not respond to the plaintiff’s request for admissions within thirty days of the date of its service. The trial court granted the plaintiff’s motion and entered an order determining that the matters requested to be admitted were to be deemed admitted.
The case came to trial on December 8, 1985. At the close of the defendant’s case the plaintiff offered the defendant’s admissions into evidence and moved for a directed verdict. The trial court then entered a directed verdict in favor of the plaintiff and awarded the plaintiff $3,985 in contract damages.
The defendant now appeals the trial court’s order directing a verdict for the plaintiff. Although the defendant raises many issues in his brief, the dispositive issues in this case are whether the trial court erred in ordering that the matters contained in plaintiff’s request for admissions be deemed admitted and whether the trial court erred in directing a verdict in favor of the plaintiff on the basis of the admission.
*1014 At this point we note that Rule 36, Alabama Rules of Civil Procedure, specifically states that:
“[Any] matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney....”
Rule 36(a), A.R.Civ.P.; see also, Evans v. Insurance Co. of North America, 349 So.2d 1099 (Ala.1977). We also note that the issue of whether to strike one party’s untimely response to another party’s request for admissions is one which rests soundly within the discretion of the trial court. Also, a trial court will not be reversed on appeal absent a showing that it abused its discretion in determining that the matters requested are to be deemed admitted. See, Evans v. Insurance Co. of North America, supra.
The record reflects that defendant’s response to plaintiff’s request for admissions was unsigned, unresponsive, and untimely filed. In view of this evidence we are unable to say that the trial court abused its discretion in ordering that the matters plaintiff sought to have admitted be deemed admitted.
The defendant also contends that the trial court erred in entering a directed verdict for the plaintiff on the basis of the admissions. As a general rule, however, admissions established pursuant to Rule 36(a) constitute a sufficient basis for either summary judgment or a directed verdict. See, Steadham v. United States Leasing Corporation, 382 So.2d 563 (Ala.Civ.App.), cert, denied, 382 So.2d 565 (Ala.1980).
The matters deemed to be admitted pursuant to Rule 36(a) in the present case were that an authentic, binding contract existed between the parties, that the defendant breached the contract, and that the defendant’s breach caused the plaintiff to suffer $3,985 in contract damages. We are ever mindful of our scintilla rule and its corresponding presumption against directed verdicts, see, Bitch v. Waldrop, 428 So.2d 1 (Ala.1982). A directed verdict is proper only in cases where there is utterly no proof to support an issue material to a claim or where no disputed factual question exists on a particular issue. Deal v. Johnson, 362 So.2d 214 (Ala.1978). In view of the evidence presented in the record, however, we are unable to say that the trial court erred in directing a verdict for the plaintiff.
AFFIRMED.
HOLMES and INGRAM, JJ., concur.