571 So.2d 254 (1990)
Samuel F. MARTIN and Wife, Juanita R. Martin
v.
Margaret Rogers SIMMONS, Debra Gail Simmons Hall, Margaret Louise Simmons Mayo, Dianna Lynn Simmons, Bobby Jean Blount and Phyllis P. Blount.
No. 89-CA-0452.
Supreme Court of Mississippi.
November 21, 1990.
*255 Ben F. Horan, Horan & Horan, Water Valley, for appellants.
John J. Crow, Jr., Water Valley, for appellees.
Before HAWKINS, P.J., and SULLIVAN and PITTMAN, JJ.
SULLIVAN, Justice, for the Court:
The Martins filed suit in the Chancery Court of Yalobusha County, Mississippi, L.E. Hannaford, Sr., presiding, to confirm title to real estate against the defendants, John Wesley Simmons, Margaret Rogers Simmons, Bobby Jean Blount and Phyllis P. Blount. The complaint alleged that the Simmons had constructed a fence upon a portion of the property involving "... a strip of land which is approximately 22 feet at its widest point" thereby casting a cloud on the title of the Martins. Martin sought removal of the fence and the quieting and confirming of the title to the property in him.
The Simmons averred in their answer and counterclaim that they are vested with title of the disputed property by virtue of adverse possession pursuant to Miss. Code Ann. §§ 11-17-31 and 15-1-13 (1972), as Amended.
The Simmons filed Request for Admissions, Interrogatories, and a Request for Production of Documents on September 14, 1988. The Martins did not respond to the Request for Admissions until October 25, 1988, eleven days after the thirty day period to respond under Rule 36 had expired and five days after the Simmons filed their Motion for Summary Judgment. The interrogatories were not answered until October 31, 1988.
On January 25, 1989, the chancellor heard oral argument on the Motion for Summary Judgment and found that the Martins had not answered the Request for Admissions, had not filed a Motion for Enlargement of Time, and had not requested either an oral or written extension of time from counsel for the Simmons. No affidavits were filed by either party for or against the motion for summary judgment. The chancellor concluded that there was no justifiable excuse made by counsel for the failure to file an answer to the request for admissions; "the matter was simply overlooked."
The chancellor held that based upon the pleadings, arguments of counsel and relevant case law, the Request for Admissions filed by the Simmons are deemed admitted. The deemed admissions show that the disputed property had been enclosed by a barbed wire fence when the Simmons purchased adjacent property in 1952; that the Simmons maintained the property West of the barbed wire fence "... by maintaining the property, cutting grass, planting shrubbery, trees and flowers;" that more than ten (10) years ago the Simmons replaced the barbed wire fence with a cyclone fence; that they maintained the property west of this fence "... by mowing the grass, planting *256 shrubbery, trees and flowers;" and that the possession by the Simmons has been actual, open, notorious, visible, continuous, uninterrupted, peaceful and exclusive for more than ten (10) years prior to filing of the Complaint.
The chancellor then found that based on the deemed admissions there was no genuine issue of material fact as to whether or not the Simmons adversely possessed the disputed property for the time required by law. Summary judgment was granted in favor of the Simmons and the complaint of the Martins was dismissed with prejudice.
The tardy answer of the Martins to the Request for Admissions would deny that the possession by the Simmons was actual, open, notorious, visible, continuous, uninterrupted, peaceful and exclusive for more than ten (10) years prior to the filing of the complaint and would deny that the Simmons maintained the disputed property by maintaining it, cutting grass, planting shrubbery, trees and flowers. The belated response would further show that the grounds for adverse possession were not met because when the Simmons purchased the adjacent property there did exist a barbed wire fence, but not where the cyclone fence is located; the cyclone fence was erected with the permission of the Martins; and any occupation/possession of the property west of the cyclone fence by the Simmons was by permission of the Martins or their prior title holders.

I.

THE UNTIMELY RESPONSE TO REQUEST FOR ADMISSIONS
While a number of jurisdictions with rules analogous to our Rule 36(a)[1] allow trial courts discretion to allow a shorter or longer time for a party to respond to a request for admissions, see 8 Wright & Miller, Federal Practice & Procedure, § 2257 at 718 (1972); see e.g., Thomson v. Bank, 506 So.2d 1012, 1014 (Ala. Civ. App. 1987), cert. den. 526 So.2d 40 (Ala. 1987); Farmers Elevator Co. of Horace v. Nagel, 307 N.W.2d 580, 586 (N.D. 1981), we have stated that "[c]ourts cannot give or withhold at pleasure; Rule 36 is to be enforced according to its terms." Sawyer v. Hannan, 556 So.2d 696, 698 (Miss. 1990) [quoting Educational Placement Services v. Wilson, 487 So.2d 1316, 1318 (Miss. 1986)].
Such admissions, however, are not necessarily irrevocable. Sawyer, 556 So.2d at 697-698 (citing Educational Placement Services, 487 So.2d at 1318). Rule 36(b) provides the procedure to revoke admissions:
Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission... . [T]he court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits.
Miss.R.Civ.P., Rule 36(b).
The Martins made no attempt to withdraw or amend the Requests for Admissions under Rule 36(b); they merely untimely filed the Answers to the Simmons' Request for Admissions. Essentially, the Martins argue that the filing of a late response to Request for Admissions is the equivalent of requesting withdrawal or amendment of the admissions. The Simmons respond that even if this were true, they have been prejudiced due to the death of Wesley Simmons, a material witness. Cf. Brook Village North Asso. v. General Electric Co., 686 F.2d 66, 70 (1st Cir.1982).
A number of courts do allow untimely Answers to Requests for Admissions, when to do so would aid in the presentation of the merits of the action and no prejudice would ensue to the party who made the request. See e.g., Aldrich & Co. v. Donovan, 778 P.2d 397, 399 (Mont. 1989); Herrin v. Blackman, 89 F.R.D. 622, 624 (W.D. Tenn. 1981); Bittner v. State for Use & Benefit of Alaska Laborers, 627 P.2d 648, *257 649 (Alaska 1981); Farmers Elevator Co. of Horace v. Nagel, 307 N.W.2d 580, 586 (N.D. 1981); Latendresse v. Latendresse, 294 N.W.2d 742, 747-48 (N.D. 1980); Marshall v. Dist. of Columbia, 391 A.2d 1374, 1379 (D.C.Ct.App. 1978); Hadra v. Herman Blum Consulting Engineers, 74 F.R.D. 113 (D.C.Tex. 1977); See also, 8 Wright & Miller, Federal Practice and Procedure § 2257 at 719-720 (1972); 4A Moore's Federal Practice 2d ed., Admission of Facts-Procedure § 36.05(4). Other courts allow untimely answers to a request for admissions when there has been excusable neglect or compelling circumstances. See e.g., Dukes & Barber v. S.C. Ins. Co., 770 F.2d 545, 548-49 (5th Cir.1985); Moosman v. Joseph P. Blitz, Inc., 358 F.2d 686, 688 (2d Cir.1966).
The problems encountered by the Martins in this case could easily have been eliminated if a motion to withdraw or amend the answers had been filed pursuant to Rule 36(b) and if there were justifiable excuse. See Sawyer, 556 So.2d at 698; Educational Placement Services, 487 So.2d at 1318. However, we need not reach the issue whether withdrawal or amendment may be allowed when there is no excusable neglect but a party is not prejudiced because the chancellor was not called upon to exercise his discretion to allow the withdrawal of the amendment of the answers to the admissions under Rule 36(b). See Diversified Communications v. Godard, 549 A.2d 362, 363 (Maine 1988). Since the lower court was never asked to exercise its discretion under Rule 36(b), the trial court properly followed our holding in Educational Placement Services v. Wilson, 487 So.2d 1316 (Miss. 1986). We therefore are not called upon to determine if an abuse of discretion occurred and we find the chancellor properly applied Mississippi law to this issue. There is no merit to this assignment.

II.

DID THE FAILURE TO ANSWER THE REQUEST FOR ADMISSIONS LEAD INEVITABLY TO THE GRANTING OF THE SUMMARY JUDGMENT?
After finding that the Request for Admissions were deemed admitted, the chancellor found there was no genuine issue of material fact to be determined at a trial and granted summary judgment in favor of the Simmons.
The burden in this case is upon the Simmons to show that their possession was open, notorious and visible, hostile, under claim of ownership, exclusive, peaceful, continuous and uninterrupted. Stallings v. Bailey, 558 So.2d 858, 861 (Miss. 1990). Each of the above mentioned elements must be established for a ten year period. Monroe County Bd. of Ed. v. Rye, 521 So.2d 900, 913 (Miss. 1988) (Robertson, J. dissenting); Miss. Code Ann. § 15-1-13 (1972), as Amended.
Our law concerning summary judgment is well established.
The trial court must review carefully all of the evidentiary matters before it  admissions in pleadings, answers to interrogatories, depositions, affidavits, etc. The evidence must be viewed in the light most favorable to the party against whom the motion has been made. If in this view the moving party is entitled to judgment as a matter of law, summary judgment should forthwith be entered in his favor. Otherwise the motion should be denied.
Issues of facts sufficient to require denial of a motion for summary judgment obviously are present where one party swears to one version of the matter in issue and another says the opposite.
Dees v. Estate of Moore, 562 So.2d 109, 110-111 (Miss. 1990) [quoting Dennis v. Searle, 457 So.2d 941, 944 (Miss. 1984)]; American Legion Ladnier Post v. City of Ocean Springs, 562 So.2d 103, 105 (Miss. 1990) [quoting Dennis v. Searle, 457 So.2d 941, 944 (Miss. 1984)]. When faced with a summary judgment motion a trial court must find that the moving party is entitled to judgment as a matter of law and must view all evidentiary matters before it in the light most favorable to the non-moving party. Newell v. Hinton, 556 So.2d 1037, 1041 (Miss. 1990). The non-moving party is to be *258 given the benefit of every reasonable doubt. Dees v. Estate of Moore, 562 So.2d at 111.
No affidavits were filed by either party in support of or against summary judgment. The Martins did file answers to interrogatories, but these also were filed untimely. However, the answers to interrogatories were filed before the chancellor heard arguments for and against summary judgment and the Simmons made no motion under Miss.R.Civ.P. 37 for an order to compell answers or to strike the answers to the interrogatories. Therefore, the chancellor had a duty to review those interrogatories.
In the answers to the interrogatories filed on October 31, 1988, the Martins specifically state that the building of the fence and the occupation by the Simmons was with the permission of the Martins. This establishes a genuine issue of material fact as there can be no adverse possession by a permittee. Johnson v. Black, 469 So.2d 88, 91 (Miss. 1985). Had the chancellor considered the interrogatories as he had an obligation to do, he would have found a genuine issue of material fact.
Summary judgment is a laudable tool in the administration of justice but it should be used wisely and sparingly. Chancery Court is peculiarly capable of hearing the entire litigation on its facts and should view the granting of summary judgment with this peculiar capability in mind. Frequently a chancellor can hear the entire trial and provide this Court with a complete record in only slightly more time than the court could deal with a Motion for Summary Judgment. When this is the case, discretion gravitates toward a complete trial. This is particularly true in a suit for adverse possession which is almost exclusively a factual issue. We urge caution in the granting of summary judgment in such cases.
While we affirm the chancellor on deeming the request for admissions as admitted, we reverse his granting of the summary judgment on the basis that there does exist in the record a genuine issue of material fact. Further, we recommend caution to all chancellors of this State in the granting of summary judgment.
AFFIRMED IN PART; REVERSED AND REMANDED IN PART.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, ANDERSON, and PITTMAN, JJ., concur.
BLASS, J., concurs but writes separately.
BLASS, Justice, concurring:
I concur with the majority opinion and write only because of the last sentence of the opinion where it is said, "Further, we recommend caution to all chancellors of this state in the granting of summary judgment." Of course, all judgments should be rendered with caution but summary judgment as the majority opinion says, "is a laudable tool in the administration of justice but it should be used wisely and sparingly." I concur in the word "wisely" but do not concur in the word "sparingly." A trial judge should not, of course, grant summary judgment without being fully satisfied that the moving party is entitled to it, but, being so satisfied, I think trial courts should be encouraged to utilize this relatively new judicial tool. The dockets of the courts are so crowded and the cost of litigation so great that it seems to me that the public interest requires that the courts should seek to find a suitable judicial resolution of the problem short of trial if that is possible. Justice, in civil matters, is already priced beyond the means of most of our citizens.
NOTES
[1] "Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within thirty days after service of the request, or within such shorter or longer time as the court may allow... . Miss.R. Civ.P. 36(a).