I reluctantly dissent. I fear that the majority misinterprets our holding in Martin v. Simmons, 571 So.2d 254 (Miss. 1990) and our prior holding in this case. Answers to interrogatories do not trump admissions. Either Rabun should have been allowed to withdraw the admissions or defendants should have suffered partial summary judgment. Neither occurred here.
 I.
The majority, in an effort to prevent a second remand, reinterprets our first remand and then proceeds to ignore the fact that the trial court failed to do what it was commanded to do under the majority's new interpretation.
The majority says that we remanded this case "on the single issue of whether there was a legitimate reason for the lower court to allow Rabun to withdraw admissions and respond." If that is so, why do we not compel the circuit court to do as instructed? I do not find where this "single issue" has been determined by the trial court. What this Court said is that "we conclude that it was an abuse of discretion for the trial court to allow the defendant on oral motion to withdraw the admissions and file responses out of time." Skipworth v. Rabun,568 So.2d 289, 291 (Miss. 1990). What this says to me is that on remand the trial court was to proceed as dictated by state of the record as made or to be made. That is, the admissions were to stand unless the trial court was presented a written motion for leave to withdraw which could be granted for reasons sustainable under our law.
 II.
What the trial court did was rely upon our decision in Martinv. Simmons, for the proposition that contradictory answers to interrogatories may be used to rebut matters deemed admitted. The question before us, then, is whether the trial court's interpretation of Martin comports with that decision and our rules.
Skipworth urged below and argues here that what Martin stands for is that once admissions are deemed unassailable it remains to be decided whether those admissions together with all of the other indicia of evidence before the court dictate summary judgment. That is, admissions are fine for what is admitted but they do not preclude the existence of a genuine dispute regarding a material fact which is beyond the scope of the admissions. She asserts that the claim in answer to interrogatories that possession was *Page 1015 
by permission was beyond the scope of the admission that there was possession for the period of prescription that was "actual, open, notorious, visible, continuous, uninterrupted, peaceful and exclusive." Martin v. Simmons, 571 So.2d at 256.
Whatever may be said of the question whether an allegation of possession by permission is in fact beyond the scope of the admission that possession was "open, notorious . . . peaceful and exclusive (the word `hostile' is not included in the admission)," it is clear that this interpretation of Martin comports with the body of law with respect to whether Rule 36 admissions may, with effect, be refuted by other evidence. See American Auto.Ass'n v. AAA Legal Clinic, 930 F.2d 1117 (5th Cir. 1991); AircoIndustrial Gases v. Teamsters Welfare Pension Fund,850 F.2d 1028 (3rd Cir. 1988); Dukes v. South Carolina Ins. Co.,770 F.2d 545 (5th Cir. 1985); O'Bryant v. Allstate Ins. Co., 107 F.R.D. 45 (D.Conn. 1985); Equal Employment OpportunityCommission v. Baby Products Co., 89 F.R.D. 129 (E.D.Mich. 1981);General Electric Co. v. Paul Forsell Son, Inc., 121 R.I. 19,394 A.2d 1101 (1978); Fleitz v. Van Westrienen, 114 Ariz. 246,560 P.2d 430 (1977); All-States Leasing Co. v. Top Hat Lounge,198 Mont. 1, 649 P.2d 1250 (1982); W.W. and W.B. Gardner v. ParkWest Village, Inc., 568 P.2d 734 (Utah 1977); People v.Mindham, 253 Ill. App.3d 792, 192 Ill.Dec. 680, 625 N.E.2d 835
(1993), cert. denied, 156 Ill.2d 563, 202 Ill.Dec. 927, 638 N.E.2d 1121 (1994); Albitus v. Farmers Merchants Bank,159 Ga. App. 406, 283 S.E.2d 632 (1981); F.W. Means Co. v.Carstens, 428 N.E.2d 251 (Ind. App. 1981). Rabun cites no contrary authority. She urges that we hold that the rule prohibiting evidence contradictory to admissions not obtain with respect to admissions by default. I see no wisdom in creating some lesser class of admissions. Admissions which are not allowed to be withdrawn or amended should stand on an equal footing whether affirmatively stated or deemed so by default.
Accordingly, I agree with the Skipworths that our decision inMartin does not sanction the use of contradictory evidence to rebut admissions.
 III.
It was argued below that Rabun was precluded from filing a renewed motion for relief from the admissions. The circuit court never decided this issue. It appears that it was sidetracked by the Martin argument. In my view, as expressed above, Rabun was correct. This Court did not remand this case to reconstruct a record in support of an earlier ruling. Nor did it remand for entry of partial summary judgment. It remanded for reconsideration of the question of the partial summary judgment with the admissions standing as admitted unless and until a proper motion was filed and heard and the admissions withdrawn or amended on the basis of reasons soundly grounded in our law. In my view, that is what we should do once again.
McRAE, J., joins this opinion.