# IN THE COURT OF APPEALS
## OF THE
## STATE OF MISSISSIPPI
### NO. 1999-CA-01074-COA

GAIL LOFTON DEBLANC AND DAVID DEBLANC　　　　　　　　APPELLANTS

v.

MABLE LOFTON STANCIL　　　　　　　　　　　　　　　　　　APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 02/17/1999 |
| TRIAL JUDGE: | HON. EDWARD E. PATTEN JR. |
| COURT FROM WHICH APPEALED: | LINCOLN COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANTS: | J. C. AINSWORTH JR. |
| | ROBERT WARREN MOAK |
| ATTORNEY FOR APPELLEE: | RAYMOND OSBORN BOUTWELL JR. |
| NATURE OF THE CASE: | CIVIL - REAL PROPERTY |
| TRIAL COURT DISPOSITION: | SUMMARY JUDGMENT GRANTED TO THE PLAINTIFF. |
| DISPOSITION: | AFFIRMED - 09/26/2000 - |
| | REVERSED AND RENDERED: 01/23/2001 |
| MOTION FOR REHEARING FILED: | 10/10/2000; 1/29/2001; denied 5/29/2001 |
| CERTIORARI FILED: | 6/11/2001; granted 8/30/2001 |
| MANDATE ISSUED: | |

## ON MOTION FOR REHEARING

EN BANC

BRIDGES, J., FOR THE COURT:

¶1. The Deblancs' motion for rehearing is granted. The original opinion issued by this Court is withdrawn, and the following opinion is substituted therefor.

¶2. The appeal of this matter arises from the Lincoln County Chancery Court's judgment which granted Mable Stancil's summary judgment motion to set aside two alleged deeds to real property. The trial court held that because the Deblancs failed to file timely responses to Stancil's requests for admissions, the items within the requests were deemed automatically admitted pursuant to M.R.C.P. 36. The Deblancs raised the following questions on appeal: 1) whether the chancery court committed reversible error when it deemed the plaintiff's request for admissions admitted; 2) whether the chancery court committed reversible error when it failed to modify the summary judgment to provide for an easement in favor of the defendants; and 3) whether the chancery court committed reversible error when it failed to modify the summary judgment to provide for an easement in favor of the defendants.

¶3. It was the decision of this Court on appeal that the judgment of the chancery court should be affirmed,

finding that summary judgment in favor of Stancil was proper. It was further the opinion of this Court that, due to the Deblancs' failure to timely respond to discovery requests pursuant to M.R.C.P. 36, the requests were automatically admitted and the case should be dismissed accordingly. We have adjusted our conclusions to reflect that due to the affidavit of Pat McCullough entered as evidence in this matter, this case still holds open a pertinent question of material fact, specifically the intent of Stancil to deed her property to the Deblancs, thereby negating a ruling in favor of summary judgment for Stancil. As such, upon granting this motion for rehearing, we have, after careful review, modified our posture in this case to reflect that it is our opinion that this case should be reversed and remanded to the chancery court for a hearing on the issue of Stancil's intent to deed her property to the Deblancs.

## FACTS

¶4. On May 12, 1998, Mable Stancil filed a complaint in the Lincoln County Chancery Court which sought to set aside a deed due to failure of consideration and to set aside a second deed due to deceit and misrepresentation. In addition to filing the complaint, Stancil filed certain requests for admissions, requests for production of documents and a first set of interrogatories. Stancil served Gayle Deblanc by certified mail on May 19, 1998, and served David Deblanc by certified mail on May 21, 1998, as reflected by the return receipts. The Deblancs filed no response to the complaint or discovery until well after the response deadline.

¶5. On September 23, 1998, Stancil filed an application for entry of default, a motion for default judgment and a motion for summary judgment. On September 25, 1998, the Deblancs filed an answer to the application for entry of default and motion for default judgment. This response included an answer to the original complaint and a statement of affirmative defenses. On October 29, 1998, the Deblancs filed responses to Stancil's discovery requests. Although the time for response had past, the Deblancs never requested an extension of time for filing their responses.

¶6. In their responses to the interrogatories, the Deblancs stated that the two deeds were conveyances of property in exchange for valuable consideration which included ten dollars and the care and support of Stancil for the past twenty years. The Deblancs denied each request for admission.

¶7. On November 25, 1998, the Deblancs moved to set aside the entry of default and filed an amended response to the summary judgment request. This response was the affidavit of attorney Pat McCullough, who had prepared the alleged deeds for Stancil. McCullough's affidavit stated that Stancil had intended the two documents as deeds to convey title. The first deed was to convey two and a half acres to the Deblancs, upon which the Deblancs were to build a home. The second deed was to convey the balance of Stancil's property to the Deblancs while reserving a life estate for Stancil. The affidavit concluded that Stancil's decision to make the conveyance was not the product of duress or undue influence. On February 17, 1999, the chancellor entered an order granting summary judgment and setting aside the deeds. The court held that, pursuant to M.R.C.P. 36(b), the failure to file a timely response to admission requests deemed those requests to be admitted.

¶8. On March 26, 1999, the chancellor entered an order *nunc pro tunc*, effective as of November 25, 1998, setting aside the entry of default. On March 1, 1999, the Deblancs filed a motion for rehearing on the motion for summary judgment, which was denied. After the court denied the Deblancs' motion for rehearing, they perfected this appeal.

## STANDARD OF REVIEW

¶9. In a case where a lower court grants a motion for summary judgment, the reviewing court must employ a *de novo* standard of review. *Baptiste v. Jitney Jungle Stores of America, Inc.*, 651 So. 2d 1063, 1065 (Miss. 1995); *Seymour v. Brunswick Corp.*, 655 So. 2d 892, 894 (Miss. 1995); *Short v. Columbus Rubber & Gasket Co., Inc.*, 535 So. 2d 61, 63 (Miss. 1988). As such, we must review "all evidentiary matters before us in the record: affidavits, depositions, admissions, interrogatories, etc." *Seymour*, 655 So. 2d at 895. *See also Smith v. Sanders*, 485 So. 2d 1051, 1054 (Miss. 1986); *Dennis v. Searle*, 457 So. 2d 941, 944 (Miss. 1984). These evidentiary items must be viewed by this Court in the light most favorable to the nonmoving party. *Id.* The burden of production and persuasion in convincing this Court that no genuine issue of material fact exists is on the party moving for summary judgment. *Id.*; *Short*, 535 So. 2d at 63-64. We may only uphold such a motion for summary judgment if we find there is no such genuine issue of material fact, thereby entitling the moving party to a judgment as a matter of law. *Id.*; *Baptiste*, 651 So. 2d at 1065.

¶10. Rule 56 of the Mississippi Rules of Civil Procedure governs motions for summary judgment. M.R.C.P. 56. "This Court does not try issues on a rule 56 motion, it only determines whether there are issues to be tried." *Seymour*, 655 So. 2d at 895; *Mississippi Insurance Guaranty Assoc. v. Harkins & Co.*, 652 So. 2d 732, 734-35 (Miss. 1995); *Townsend v. Estate of Gilbert*, 616 So. 2d 333, 335 (Miss. 1993). In other words, the reviewing court must look not to resolving an issue, but rather to ascertain whether a triable issue even exists. *Id.* Issues of fact are found to be present where "one party swears to one version of the matter in issue and another says the opposite." *Short*, 535 So. 2d at 63; *Dennis*, 457 So. 2d at 944. The non-movant should be given the benefit of all reasonable doubt. *Short*, 535 So. 2d at 63; *Smith*, 485 So. 2d at 1054.

¶11. When dealing with an issue of untimely responses to discovery requests, the action of the lower court is to be reviewed by this Court under an abuse of discretion standard. *Sawyer v. Hannon*, 556 So. 2d 696, 698 (Miss. 1990).

## LEGAL ANALYSIS

¶12. In this appeal by the Deblancs, we are asked primarily to answer the question of whether the lower court's decision to grant summary judgment in favor of Stancil constituted reversible error. For the following reasons, it is the opinion of this Court that summary judgment was not proper and this case should be reversed and remanded to the trial court for further findings consistent with this opinion.

¶13. As stated in the standard of review, a summary judgment motion should not be granted unless there is absolutely no genuine issue of material fact that is disputed by the parties and, as such, the moving party would be entitled to a judgment as a matter of law. *Seymour*, 655 So. 2d at 895; *Baptiste*, 651 So. 2d at 1065; *Short*, 535 So. 2d at 63; *Dennis*, 457 So. 2d at 944. Here, it is our opinion that there is a genuine material fact issue left untouched by the lower court and that this case was unduly dismissed without addressing such issue. The issue to which we refer is whether or not a deed was intended by Stancil for the property in dispute in this action. The affidavit submitted by Pat McCullough alleges that a deed, not an easement to the property, was intended by Stancil. We believe that this affidavit created a material fact issue which must be addressed by the trial court and cannot be avoided by the granting of summary judgment.

¶14. The parties become bogged down in the question of whether there was proper consideration given in

exchange for the alleged deeds to Stancil's property. However, it is the opinion of this Court that whether valuable consideration was paid is not necessarily relevant here. We do, however, take note of our recent decision that a person may execute a valid deed for any reason, including "whim," and a deed that is executed as a gift or that is based on "love and affection," is just as valid as a deed for which monetary consideration was paid. *Holmes v. O'Bryant*, 741 So. 2d 366, 369 (Miss. Ct. App. 1999). Furthermore, in *Covington v. Butler*, 242 So. 2d 444, 447 (Miss. 1970), it was held that "a voluntary conveyance of land cannot be vacated at the instance of the grantor upon the ground that it was made without any consideration." *See also Hans v. Hans*, 482 So. 2d 1117, 1119 (Miss. 1986). Looking past the question of consideration, however, we find these parties dispute a major point to the Deblancs' argument, i.e., whether there was an intent by Stancil to convey her property to the Deblancs via the alleged deeds. As such, summary judgment is not appropriate here.

¶15. In order to further analyze this matter, we must look to whether the chancery court erred when it deemed Stancil's requests for admissions admitted because of the Deblancs' failure to make a timely response to such requests and whether such a conclusion should inevitably require that summary judgment be granted to Stancil. M.R.C.P. 36 provides the procedure on responses to requests for admissions such as we have in this case:

> The matter is admitted unless, within thirty days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney. . . . M.R.C.P. 36(a).

> Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to the provisions governing amendment of a pre-trial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits. M.R.C.P. 36(b).

¶16. It is the duty of this Court to review whether or not the trial court abused its discretion in applying M.R.C.P. 36 when it ruled that these requests would be deemed admitted for the Deblancs' failure to respond timely. In *Educational Placement Services v. Wilson*, 487 So. 2d 1316, 1318 (Miss. 1986), the Supreme Court of Mississippi held that:

> We do not intend here to suggest that any request for admissions to which a response, objection or motion for time has not been filed before the thirty-first day should be taken as irrevocably admitted. Necessary and practicable leniency, however, appear to have generated an air of benevolent gratuity about the administration of Rule 36. But, of course, there is no gratuity about it. Courts cannot give or withhold at pleasure. Rule 36 is to be enforced according to its terms.

¶17. While it would appear that the trial court in this matter followed the dictates of M.R.C.P. 36, accordingly, it is our opinion that the affidavit of McCullough presented to the lower court was in direct contradiction to the requests that were deemed admitted and therefore, leaves us with a dispute of material fact calling for a rejection of summary judgment here. In *Martin v. Simmons*, 571 So. 2d 254, 256 (Miss. 1990), it was acknowledged that many courts have allowed untimely answers to discovery or requests for admissions if it would be beneficial to the merits of the action and would not cause the moving party to be

prejudiced. We find that to be the case here. That is not to say that we find there to be compelling circumstances or a justifiable excuse as to why the Deblancs ignored the requests for admissions when initially served upon them. Rather, we simply recognize that the affidavit of McCullough, which tends to dispute the crux of the Deblancs' argument, necessitates that this case be remanded to the trial court. The reason for this is that the question of whether Stancil intended to deed her property to the Deblancs is a genuine issue of material fact which goes directly to the merits of this case and to pursue the answer to this question would not serve any prejudice upon Stancil. Rather, we find that it would be more likely that the Deblancs would suffer prejudice if this case were to be summarily dismissed due to a procedural technicality such as Rule 36, which many courts have pushed aside and allowed untimely responses to requests for admissions in order to get to the actual merits of a case. We therefore opine that in order for this case to be properly decided, the issue of Stancil's intent is an essential question which must be answered. The affidavit of McCullough is evidence which serves to prove to this Court that this question of Stancil's intent is most definitely in dispute by the parties. It is our opinion that the only proper means of resolving this dispute is to allow the parties to go to trial on this issue.

¶18. In *Martin*, the Mississippi Supreme Court provided that a chancellor must carefully review all evidentiary matters in any case before him where summary judgment has been requested and, if there is a genuine issue of material fact in dispute and left undecided, it is the duty of the chancellor to deny the motion for summary judgment. *Martin*, 571 So. 2d at 257-58. We conclude that because of McCullough's affidavit, there is a genuine issue of material fact left undecided in this case and, as such, summary judgment should have been denied to Stancil. The court went on to provide in *Martin* that summary judgment is a tool of justice to be used carefully, wisely and many times, sparingly. *Id.* at 258. Ultimately, the Mississippi Supreme Court opined that a failure to timely answer discovery did not lead inevitably to the granting of summary judgment. *Id.* at 257. Rather, it was the opinion of the court that the untimely answers to the discovery requests in *Martin* raised a dispute of material fact and therefore deemed summary judgment inappropriate. *Id.* at 258.

¶19. We find that the question of whether Stancil intended to convey her property to the Deblancs via deed is, in fact, a material issue left to be decided in this case. The affidavit of McCullough provides the answer to this question as "yes," while the responses to the admissions requests which were deemed to be admitted by the lower court would have answered this question in the negative. Clearly, we are faced with a dispute of material fact and summary judgment cannot be had. We opine that the chancellor erred in his decision to grant summary judgment to Stancil and failed in his duty to consider all evidentiary matters, specifically McCullough's affidavit, which would have led him to the more befitting conclusion in this case. As such, it is our opinion that this case should be reversed and remanded to the lower court for the issue of Stancil's intent to be tried and decided despite the Deblancs' untimely response to Stancil's requests for admissions.

¶20. **THE JUDGMENT OF THE LINCOLN COUNTY CHANCERY COURT GRANTING SUMMARY JUDGMENT IN FAVOR OF THE APPELLEE IS HEREBY REVERSED AND REMANDED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.**

**McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., IRVING, MYERS, PAYNE, AND THOMAS, JJ., CONCUR. LEE AND CHANDLER, JJ., NOT PARTICIPATING.**