# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2004-CA-01761-SCT

*PRIME RX, LLC AND DALE WEAVER GUINS d/b/a*
*PRIME RX*

*v.*

*McKENDREE, INC. d/b/a McKENDREE*
*WHOLESALE*

| | |
|---|---|
| DATE OF JUDGMENT: | 07/22/2004 |
| TRIAL JUDGE: | HON. SAMAC S. RICHARDSON |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | MARGARET WILLIAMS HOLMES |
| ATTORNEYS FOR APPELLEE: | CHARLES VERNICE HOMAN,JR. |
| | JAMES RAY MOZINGO |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| DISPOSITION: | AFFIRMED - 10/13/2005 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**GRAVES, JUSTICE, FOR THE COURT:**

¶1.     This case involves a contract claim brought by McKendree, Inc. against defendants Prime Rx, LLC and Dale Weaver Guins in the County Court of Madison County. The County Court of Madison County granted summary judgment to McKendree. Defendants appealed, and the Madison County Circuit Court affirmed the county court's summary judgement. Defendants now appeal to this Court. Finding no reversible error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.    On October 18, 2002, McKendree, Inc., d/b/a McKendree Wholesale (McKendree) filed a complaint for breach of contract against Prime Rx, LLC (Prime LLC) and Dale Weaver Guins d/b/a Prime Rx (Guins), collectively "defendants," in the County Court of Madison County, alleging that defendants owed it $54,103.37 on an open account.   Defendants jointly filed an answer to the complaint.   McKendree filed its first motion for summary judgment, pursuant to Mississippi Rule of Civil Procedure (M.R.C.P.) 56, on January 3, 2003, and it was subsequently denied on March 3, 2003.

¶3.    McKendree deposed Guins, both individually and as the representative for Prime LLC.  At the end of the deposition, counsel for McKendree served two sets of discovery on counsel for the defendants.   Defendants failed to timely respond to the requested discovery within thirty days, so McKendree's counsel contacted defense counsel to inform him that McKendree had not received discovery responses.   After Guins received the discovery requests from her counsel, she answered them in her own handwriting and personally delivered them to McKendree's counsel.   McKendree then filed a second motion for summary judgment, alleging that there were no disputed issues of material fact because defendants admitted all of the facts in the requests for admissions by failing to timely answer.   Defendants filed a response  McKendree's motion for summary judgment.   McKendree filed a motion to compel defendants to respond to its discovery requests.

¶4.    At a hearing on the motion to compel,  the trial court ordered the defendants to fully respond to McKendree's discovery requests in proper legal form within fourteen days.   Guins, individually, timely complied with the trial court's order by submitting her responses on June

19, 2003.[1]  McKendree then filed a motion to strike her responses to the requests for admission, pursuant to M.R.C.P. 36, on June 26, 2003.[2]  The trial court considered this motion at a hearing and ultimately struck the responses to the requests for admission and deemed them admitted.

¶5.    The trial court heard McKendree's second motion for summary judgment and ultimately granted summary judgment in favor of McKendree and entered final judgment, finding Guins and Prime LLC jointly and severally liable for the amount of $58,729.37, which represented the outstanding balance of $54,103.37, attorney's fees of $4,500.00, and court costs of $126.00.  Defendants filed their timely notice of appeal with the Madison County Circuit Court.  McKendree then filed a cross-appeal as to the issue of attorney's fees.

¶6.    On appeal from county court, the circuit court affirmed the trial judge's grant of summary judgment yet ordered that it would conduct  an evidentiary  hearing to determine attorney's fees.   The circuit court found that the defendants had failed to answer discovery requests made on February 26, 2003, in any form prior to April 22, 2003, yet defense counsel did not deny receiving the discovery requests on February 26 or the notices of service of discovery dated March 11.   The circuit court also found the trial court had considered the defendants' requests for admission as being admitted and properly granted summary judgment under M.R.C.P. 56.   Additionally, the circuit court stated that the proper way to seek relief from a matter that was conclusively established by being deemed admitted under Rule 36 is to

---

[1]  Guins' notice of discovery responses was actually filed with the court on June 23, 2003.

[2]  McKendree did not, however, move to strike Guins' answers to interrogatories.

3

move to amend or withdraw the admission under section (b), which defendants failed to do. The defendants now appeal from the circuit court's decision and present two issues for this Court's consideration: (1) whether the circuit court erred in affirming the county court's grant of summary judgment based on alleged discovery violations, and (2) whether the circuit court erred in affirming the county court's harsh discovery sanctions against defendants which ultimately led to a final judgment against them. McKendree maintains that the defendants have no arguable basis for appeal and seeks an award of all costs and attorney's fees associated with this appeal.

## DISCUSSION

¶7.     A trial court's decisions concerning discovery matters are reviewed for an abuse of discretion. *DeBlanc v. Stancil*, 814 So. 2d 796 (Miss. 2002) (citing *Earwood v. Reeves*, 798 So. 2d 508, 514 (Miss. 2001)). However, a grant of summary judgment is reviewed de novo. *Id*. (citing *State Farm Mut. Auto Ins. Co. v. Universal Underwriters Ins. Co.*, 797 So. 2d 981, 983 (Miss. 2001)).

### I.     Whether the circuit court erred in affirming the county court's grant of summary judgment based on alleged discovery violations.

¶8.     A grant of summary judgment is a decision on the merits and is appropriate only where "no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law." *Owen v. Pringle*, 621 So. 2d 668, 670 (Miss. 1993) (citing M.R.C.P. 56(c)). In determining whether a genuine issue of material fact exists, a court reviews "all admissions, answers to interrogatories, depositions, affidavits, and any other evidence, viewing the evidence in a light most favorable to the non-movant." *Id*. (citing *Skelton ex  rel. Roden v.*

4

*Twin County Rural Elec. Ass'n*, 611 So. 2d 931, 935 (Miss. 1992)).  The moving party should be granted summary judgment if that party can show he/she is entitled to judgment as a matter of law; otherwise, the motion for summary judgment should be denied.  *Brown v. Credit Ctr., Inc.*, 444 So. 2d 358, 362 (Miss. 1983).

### A.  Requests for Admission.

¶9.  Defendants argue that the trial court erred in failing to consider the answers to the complaint, answers to interrogatories, documents produced, and deposition testimony to contradict any admissions made by default.  They liken their case to *Martin v. Simmons*, 571 So. 2d 254 (Miss. 1990).  In *Martin*, this Court affirmed the trial court's decision to deem the plaintiffs' untimely responses to requests for admissions conclusively admitted, where plaintiffs made no motion to withdraw or amend their untimely answers.  *Id*. at 256-57. However, the *Martin* Court found the trial court improperly granted summary judgment because it failed to consider plaintiffs' answers to interrogatories, which were not stricken, where the answers to interrogatories established a genuine issue of material fact despite the deemed admissions. *Id*. at 257-58.

¶10.  Prime LLC and Guins also cite *Skipworth v. Rabun*, 704 So. 2d 1008 (Miss. 1996), as additional support for their argument that the trial court should have considered deposition testimony, interrogatory answers, etc., to find a genuine issue of material fact which would preclude summary judgment.  In *Skipworth*, the trial court had allowed a defendant to withdraw her deemed admissions upon a motion and, on initial appeal, this Court remanded the case back to the trial court for a determination of whether there was a legitimate reason for allowing

defendant to withdraw the admissions and respond. *Id*. at 1009. On remand, the trial judge considered the defendant's interrogatory responses, pursuant to *Martin*, and found that a genuine issue of material fact existed which precluded summary judgment for plaintiffs. *Id*. at 1013. Since there had already been a trial and jury verdict on the issue of liability, the trial judge determined there was nothing left to litigate and granted the defendants summary judgment. *Id*. at 1009. When the case was appealed a second time, this Court affirmed the trial court's decision, finding that a genuine issue of material fact did exist and that the trial court properly submitted the case to a jury in the earlier proceeding. *Id*. at 1014. The *Skipworth* Court also found that the trial court was correct to grant summary judgment to the defendants on remand, as there was no longer an issue to be litigated. *Id*.

¶11. McKendree contends that the trial court correctly ruled that the deemed admissions were conclusively established, that no genuine issue of material fact existed, and that summary judgment was proper. McKendree argues that our opinion in *DeBlanc*, rather than *Martin* or *Skipworth*, should control our decision in the instant case. In *DeBlanc*, we analyzed a number of cases, including *Martin* and *Skipworth*, where a party's failure to timely comply with requests for admissions led to those admissions being deemed admitted.

¶12. We stated in *DeBlanc* that summary judgment had been inappropriate in *Martin* because all elements of adverse possession had not been established by the deemed admissions, yet we noted that "*Martin* should not be read to say that a matter 'conclusively established' under Rule 36 can be offset by a conflicting answer to interrogatories." *DeBlanc*, 814 So. 2d at 800. Though we affirmed the trial judge's decision to allow deemed admissions

6

to be withdrawn upon a motion by the defaulting party in *Skipworth*, we noted in *DeBlanc* that we have not abandoned our policy of enforcing Rule 36 according to its terms, especially when no explanation for default was offered. *Id*. at 801.

¶13.     In addition to *Martin* and *Skipworth*, in *DeBlanc* this Court also addressed its recent decision in *Earwood*, which involved a case where the trial court deemed the matters in plaintiffs' requests for admissions admitted because of defendants' untimely responses.  *Id*. The *Earwood* Court stated that a trial court may, because of its broad discretion, hold that an untimely response should not be deemed an admission; however, it could certainly require parties to comply with Rule 36, and it would not be an abuse of the trial court's discretion to require compliance when the defaulting party offered no good reason otherwise.  *Earwood*, 798 So. 2d at 516.

¶14.     In *DeBlanc*, we ultimately found that the trial court had the authority to rule that deemed admissions of a defaulting party were conclusively established when that party failed to file a Rule 36(b) motion to withdraw the admissions.  *DeBlanc*, 814 So. 2d at 802.  With those matters conclusively established in *DeBlanc*, we found that the trial court correctly granted summary judgment and we reversed the Court of Appeals' judgment and  reinstated  the judgment of the trial court. *Id*.

¶15.     While one can argue that *Martin* and *Skipworth* should be interpreted to mean that a trial court can consider other discovery documents to rebut or overcome a deemed admission, our subsequent decisions in *Earwood* and *DeBlanc* make it clear that a trial court is under no obligation to consider these other discovery devices to refute matters already conclusively

7

established if the defaulting party does not make a motion to withdraw or amend under Rule 36(b). In the instant case, Prime LLC did not respond to the requests for admission at all, and Guins did not file a motion to withdraw or amend under Rule 36(b). As these defendants did not seek the appropriate relief for their failure to comply with the discovery rules, the county court judge was under no obligation to review any interrogatory answers or deposition testimony to refute matters conclusively established by the requests for admission. Therefore, the circuit judge did not abuse his discretion in affirming the trial court's decision to deem McKendree's requests for admissions conclusively admitted because of the defendants' failure to timely respond. However, this finding does not end our inquiry as to whether summary judgment was properly granted.

### B.    *Summary Judgment.*

¶16.    Though the trial court had no duty to review any pleadings, deposition testimony, interrogatory answers, etc., to refute a matter conclusively established by defendants' deemed admissions, it does have a duty to review these other documents to determine whether a genuine issue of material fact exists in spite of the admitted matters. *See Martin*, 571 So. 2d at 257. When ruling on a motion for summary judgment, the trial court must review "all of the evidentiary matters before it," not just a party's admissions, and "[t]he evidence must be viewed in the light most favorable to the party against whom the motion has been made," meaning that summary judgment is appropriate only if "the moving party is entitled to judgment as a matter of law." *Id*. (citing *Dees v. Estate of Moore*, 562 So. 2d 109, 110-11 (Miss. 1990)). Additionally, "[t]he non-moving party is to be given the benefit of every reasonable doubt." *Id*. at 257-58.

8

¶17. The order of final judgment entered by the county court contains no explanation as to the court's reasoning in granting summary judgment; rather the order merely states that "the Court having heard from counsel present and having reviewed the pleadings and being generally advised finds the Motion for Summary Judgment is well taken and should be granted." In affirming the judgment of the county court, the circuit court specifically found that the trial judge considered the requests for admission as being admitted and properly granted summary judgment; that Guins' handwritten answers to interrogatories were not answered under oath as required by M.R.C.P. 33(b)(1); that at the time summary judgment was granted, the deposition testimony of Guins was not a part of the record and could not have been considered by the county court; and that the defendants offered no reasonable explanation for failing to answer the requested discovery within 30 days, as required by the rules of procedure.

¶18. Guins' failure to timely respond to McKendree's requests for admission has led to the conclusive establishment of the following relevant facts, that: (1) the copy of the statement of account attached to the complaint is a true and exact copy of the original statement, (2) the amount due on the statement is $54,103.37, (3) McKendree sent an invoice on the statement of account, (4) the payment terms are "net 15 days," meaning the invoice balance is due within 15 days of the date on the invoice, (5) Guins is the sole member of Prime Rx, LLC and was sole proprietor of the business before it became an LLC, (6) Guins and McKendree had no written agreement regarding the formation of a business, (7) McKendree is not a member of Prime Rx, LLC, and (8) Guins failed to respond to the demand letter attached to McKendree's complaint.

¶19. In their answer to McKendree's complaint, the defendants denied owing McKendree any money based on the supposed existence of a "business arrangement" which would have given McKendree a percentage of the defendants' business. Guins, via the deemed admissions, admitted that she is the only member of Prime LLC, that McKendree was not a member of Prime LLC, that she was the sole proprietor of Prime Rx before it became Prime LLC, and that she and McKendree had never entered a written agreement to form any business. Based on these admissions, one must logically conclude that the named defendants, Guins and Prime LLC, are the only parties liable for payment of the account that Prime Rx maintained with McKendree.[3] Since there is no longer a basis in fact for Guins' defense that she does not owe McKendree $54,103.37 because of a business arrangement between the parties, there is no longer a genuine issue of material fact to be adjudicated at a trial on the merits. Thus, the circuit court correctly affirmed the county court's grant of summary judgment in favor of McKendree.

## II. Whether the circuit court erred in affirming the county court's harsh discovery sanctions against defendants, which ultimately led to a final judgment against them.

¶20. Prime LLC and Guins also argue that the circuit court erred in affirming the county court judgment, claiming that the actions of the county court amounted to a harsh discovery sanction which led to an improper final dismissal with prejudice. To support their argument, defendants cite to *Harvey v. Stone County School Dist.*, 862 So. 2d 545 (Miss. Ct. App. 2003),

---

[3] Since Guins has admitted, via the requests for admission, that she was the sole proprietor of Prime Rx and now the lone member of Prime LLC, we will impute her admissions to Prime LLC, as none of the parties to this case has submitted any evidence into the record before this Court of the separate requests for admission supposedly served on Prime LLC.

10

where the Mississippi Court of Appeals reversed the trial court's dismissal of the plaintiff's complaint with prejudice, deeming it too harsh a discovery sanction where the plaintiff had failed to timely respond to interrogatories propounded by the defendant. Additionally, they cite to *Caracci v. International Paper Co.*, 699 So. 2d 546, 558-59 (Miss. 1997), where this Court ruled that exclusion of expert testimony was too harsh a discovery sanction, under M.R.C.P. 37(b), for the party's failure to have its expert report made under oath. In *Caracci* this Court noted that "exclusion of evidence as a sanction for discovery violations should be affirmed in very limited circumstances." *Id*. at 559.

¶21.    *Harvery* and *Caracci* are inapplicable here because those cases involve discovery sanctions made under Rule 37, and the instant case involves a ruling made pursuant to Rule 36, concerning requests for admission. Rule 36 provides a specific consequence for a party's failure to timely respond  to a request for admission, the consequence being that those matters in the requests are deemed admitted. Rule 37 applies to discovery matters generally and affords the trial court a great deal of discretion in determining how to sanction a party for failure to comply with discovery orders and deadlines. While Rule 37 would be an appropriate ground for sanctioning a party for failure to timely  answer an interrogatory, *see Harvey*, 862 So. 2d at 551, or failure to appear at a deposition, *see Gilbert v. Wal-Mart Stores, Inc.*, 749 So. 2d 361, 363 (Miss. Ct. App. 1999), its application is neither necessary nor appropriate in this case, where Rule 36 specifically provides a remedy for untimely discovery responses.

¶22.    The trial court properly exercised its discretion in deeming the matters in McKendree's requests for admissions admitted and conclusively established under Rule 36. Thus, we are

unpersuaded by the defendants' attempts to characterize the trial court's ruling as a discovery sanction made under Rule 37 and find this allegation of error without merit.

### III. Costs and Fees.

¶23. McKendree requests that we award it all costs and attorneys' fees associated with this cause, claiming there is no arguable basis for the defendants' appeal. Guidelines for setting such an award are found in both the statutory and case law of this state.

¶24. In *Superior Car Rental, Inc. v. Roberts*, 871 So. 2d 1286 (Miss. 2004), we held that the statutory penalty of Miss. Code Ann. § 11-3-23, which has been repealed by 2002 Miss. Laws (3rd Ex. Sess.) Ch. 4, § 14, applies to all cases "filed in a trial court before January 1, 2003." One of the instances in which the penalty applies is "[i]f the judgment or decree affirmed be for a sum of money, [then] the damages shall be upon such sum." Miss. Code Ann. § 11-3-23. The statutory penalty applies only to unconditional affirmances. *Greenlee v. Mitchell*, 607 So. 2d 97, 112 (Miss. 1992). In the instant case, the sum at issue is $54,103.37, meaning that the statutory penalty is calculated at $8,115.51.

¶25. "Absent contractual provision or statutory authority, attorney's fees may not be awarded as damages in a case unless punitive damages are proper." *Mauck v. Columbus Hotel Co.*, 741 So. 2d 259, 269 (Miss. 1999) (citation omitted). "The fixing of reasonable attorneys' fees is a matter ordinarily within the sound discretion of the trial court. . . ." *Id*. Miss. Code § 11-53-81 (Rev. 2002) specifically provides for reasonable attorney's fees where suit is brought to collect on an open account, as in the instant case. The trial judge awarded McKendree $4,500.00 in attorney's fees. On appeal to the circuit court, the circuit court determined that to review that award it would conduct an evidentiary hearing, with McKendree's attorney

12

producing detailed billings and/or time sheets, to determine an appropriate award of attorney's fees. We find that the circuit judge took appropriate action for the limited purpose of conducting a hearing on attorney's fees.

## CONCLUSION

¶26.  We affirm the Madison County Circuit Court's judgment. We also award McKendree the statutory penalty as provided in Miss. Code Ann. § 11-3-23 in the amount of $8,115.51.

¶27.  **AFFIRMED. STATUTORY PENALTY OF $8,115.51 AWARDED AGAINST PRIME RX, LLC AND DALE WEAVER GUINS D/B/A PRIME RX.**

   **SMITH, C.J., WALLER AND COBB, P.JJ., CARLSON, DICKINSON AND RANDOLPH, JJ., CONCUR. EASLEY, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. DIAZ, J., NOT PARTICIPATING.**