556 So.2d 696 (1990)
Wardell SAWYER
v.
W.O.R. ("Bill") HANNAN, III and Kathy P. Hannan.
No. 07-59271.
Supreme Court of Mississippi.
January 24, 1990.
Everett T. Sanders, Natchez, for appellant.
Edwin Y. Hannan, Satterfield & Allred, Jackson, for appellees.
Before ROY NOBLE LEE, C.J., and PRATHER and ANDERSON, JJ.
ROY NOBLE LEE, Chief Justice, for the Court:
W.O.R. ("Bill") Hannan, III and Kathy P. Hannan, his wife, filed suit in the Circuit Court of Grenada County against Wardell Sawyer for damages sustained by reason of Sawyer's breach of contract in the construction of certain improvements to the Hannan home. The lower court granted summary judgment in the amount of $80,000 to the Hannans, and Sawyer has appealed to this Court assigning the following error in the trial below:
THE LOWER COURT ERRED IN ITS APPLICATION OF RULE 36(b) IN OVERRULING APPELLANT'S MOTION FOR LEAVE TO WITHDRAW ADMISSIONS.
On November 19, 1986, the Hannans filed a complaint against Sawyer, charging negligence, breach of contract and breach of warranty after he contracted for and undertook to construct certain improvements to the Hannan home. Along with their summons and complaint served on November 24, 1986, the Hannans served interrogatories, requests for admissions and a request for production of documents. Sawyer's response to the complaint was due on December 24, 1986, and his responses to the discovery requests were due January 8, 1987.
Sawyer's counsel requested, and the Hannans' counsel agreed to, an extension of time until January 13, 1987, for the serving of Sawyer's answer and the responses to the discovery requests. However, *697 the answer and affirmative defenses were not filed until January 22, 1987, and no responses were filed to the Hannans' discovery requests. On February 4, 1987, without leave of court, and without serving the Hannans, Sawyer filed a response to the request for admissions. On March 3, 1987, the Hannans, having received no response to their request for admissions, moved for summary judgment, asserting that the matters contained in their request for admissions was deemed admitted under MRCP Rule 36; that there were no genuine issues of material fact; and that they were entitled to prevail as a matter of law.
Hearing on the motion was set for October 5, 1987, but was continued because of a conflict on the part of Sawyer's counsel. In November, another hearing was set for December 15, 1987, but had to be rescheduled due to a conflict on the part of Sawyer's counsel. On December 7, 1987, a hearing was set for December 16, 1987.
On December 14, 1987, Sawyer's counsel filed a motion to withdraw admissions and to file a response to the Hannans' request for admissions along with an affidavit in opposition to the Hannans' motion for summary judgment. In the motion, Sawyer's counsel stated that he had contacted the office of the Hannans' counsel prior to filing his February responses to the request for admissions, and, on learning that counsel was away from his office, had spoken to a paralegal staff member to try to determine whether counsel for the Hannans objected to the out-of-time filing. He proceeded to file the out-of-time responses to the requests for admission and admitted the allegations of Request for Admission No. 16, which request follows:

Request for Admission No. 16: Admit that as a result of Defendant's acts and/or omissions, Plaintiffs have incurred those damages set forth in the ad damnum section of their Complaint.[1]
On December 16, 1987, a combined hearing was conducted on Hannan's motion for summary judgment and Sawyer's motion to withdraw admissions and file answers to request for admissions. On December 18, 1987, the lower court denied Sawyer's motion to withdraw admissions and file an answer to request for admissions and granted summary judgment on the Hannans' motion in the sum of $80,000, with the following finding:
The Court hereby finds that Plaintiffs' Request for Admissions were properly served upon Defendant on November 24, 1986; that by agreement of the parties same were due to be answered on January 13, 1987; that Defendant's Responses to Plaintiffs' Requests for Admissions were not filed until February 4, 1987; that such responses were neither properly served nor filed in a timely manner; that under Rule 36 the Requests for Admissions have been deemed admitted, and that, alternatively, Defendant has admitted Request for Admission No. 16 in his responses; that Defendant has not responded to Plaintiffs' First Set of Interrogatories and Requests for Production of Documents which were also due on January 13, 1987; and that based upon Defendant's admissions, there are no genuine issues of material fact, and Plaintiffs are entitled to judgment as a matter of law.
Sawyer moved for a new trial and/or amendment of judgment alleging that (1) his failure to respond to interrogatories and request for production of documents was predicated on the pending motion for summary judgment and (2) his Admission No. 16 was the result of a typographical error and that the allegations were not actually admitted. Hearing was held on the motion March 10, 1988, and an order was entered on March 14, 1988, denying the motion.
The pertinent part of MRCP 36 applicable to the question here appears in Appendix I.
Sawyer relies on that part of the opinion in Educational Placement Services v. Wilson, 487 So.2d 1316 (Miss. 1986), which says: "[w]e do not intend here to suggest that any request for admissions to which a response, objection or motion for time has *698 not been filed before the thirty-first day should be taken as irrevocably admitted." Id. at 1318. Sawyer contends that the lower court erroneously relied on the following language in Educational Placement Services, supra, to conclude that it had no alternative but to deny Sawyer's motion to withdraw admissions:
Necessary and practicable leniency, however, appear to have generated an air of benevolent gratuity about the administration of Rule 36. But, of course, there is no gratuity about it. Courts cannot give or withhold at pleasure. Rule 36 is to be enforced according to its terms. See Rutherford v. Bass Air Conditioning Co., 38 N.C. App. 630, 248 S.E.2d 887, 892 (1978). More than a year's inaction on the part of the party to whom the request has been submitted must of necessity result in the matters being taken as admitted if the rule is to have any meaning or force at all. This is particularly so where, as in the case at bar, not one word of explanation or excuse appears either in the record or in his brief on appeal why Wilson could not have responded to the request.
Id. (Emphasis added).
The action of the lower court is subject to review by this Court using the abuse of discretion standard. 999 v. C.I.T. Corp., 776 F.2d 866, 869 (9th Cir.1985). In Dukes v. South Carolina Insurance Co., 770 F.2d 545 (5th Cir.1985), the court held that the control of discovery is committed to the sound discretion of the trial court and discretion was not abused in striking untimely response when Dukes had been evasive and dilatory throughout litigation and offered no reason for failing to respond within the period provided by Rule 36. See Educational Placement Services, supra. In re City of Ridgeland v. City of Jackson, 494 So.2d 348, 353 (Miss. 1986); Shell Oil Co. v. Murrah, 493 So.2d 1274 (Miss. 1986).
In the present case, Sawyer did nothing within the forty-five (45) days he was allowed by Rule 36 in which to respond to the request for admissions, which had been served along with the summons and complaint; he did not respond or object to the request and he did not seek from the court any extension of time for responding. Sawyer's responsive pleading of January 22, 1987, was not timely filed and his answers to the request for admissions were untimely filed on February 4, 1987. Even so, he admitted that, as a result of defendant's acts and/or omissions, plaintiffs have incurred those damages set forth in the ad damnum section of their Complaint.
We are of the opinion that the lower court did not abuse its discretion in refusing withdrawal of matter which had been deemed admitted by operation of Rule 36 and had been actually admitted in the untimely filed admissions. We are further of the opinion that the lower court did not err in granting the motion for summary judgment. Therefore, the judgment of the lower court is affirmed.
AFFIRMED.
HAWKINS, P.J., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON, PITTMAN and BLASS, JJ., concur.
DAN M. LEE, P.J., dissents without written opinion.

APPENDIX I
(a) Request for Admission. A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(b) set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request... . The request may, without leave of court, be served upon the plaintiff after commencement of the action and upon any other party with or after service of the summons upon that party.
Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within thirty days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting *699 the admission a written answer or objection addressed to the matter, signed by the party or by his attorney, but unless the court shortens the time, a defendant shall not be required to serve answers or objections before the expiration of forty-five days after service of the summons upon him... .
(b) Effect of Admission. Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to the provisions governing amendment of a pre-trial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits. Any admission made by a party under this rule is for the purpose of the pending action only and is not an admission by him for any other purpose nor may it be used against him in any other proceeding.
NOTES
[1] The admission to No. 16 confessed the substance of the law suit.