¶ 1. The case before this Court today is the third installment of the appellate trilogy concerning the dismissal with prejudice of a medical malpractice/wrongful death case filed by Byrd Associates, PLLC, on behalf of Willie Bowie and Charles Brown (collectively, Bowie, although sometimes separately referred to as Bowie and/or Brown) following the death of their mother, Lois Brown. The supreme court upheld the grant of summary judgment after Byrd Associates failed to timely designate a medical expert, which ultimately caused the demise of the underlying medical malpractice case. Bowie v.Montfort Jones Mem'l Hosp., 861 So.2d 1037, 1039 (¶ 1) (Miss. 2003).
 ¶ 2. Following the supreme court's affirmance of the dismissal of the medical malpractice case, a legal malpractice case ensued against Isaac K. Byrd, Jr., Katrina M. Gibbs, and Byrd, Gibbs Martin f/k/a Byrd Associates, PLLC (collectively, Byrd). In a seemingly consistent pattern, Byrd failed to timely answer requests for admission in the legal malpractice case against the firm and the individual members of the firm, Byrd and Gibbs. Two requests for admission propounded by Bowie and Brown stated, "The damages of the Brown Parties in the Brown Death Action were $2,000,000.00," and "The negligence *Page 1204 
of Byrd and Gibbs in the Brown Death Action resulted in the Brown parties sustaining damages in the amount of $2,000,000.00." As a result of Byrd's failure to timely answer, these two statements were deemed admitted by Byrd.[1]See M.R.C.P. 36(b). Byrd sought to withdraw his admissions; however, the trial court denied his motion to withdraw the admissions. Having resolved all issues of legal negligence and the amount of damages through the resulting admissions, the trial court then found that there were no genuine issues of material fact left to be discerned by a jury. At this juncture, the second supreme court visit for this case occurred by interlocutory appeal wherein the supreme court affirmed the trial court's denial of Byrd's motion to withdraw the deemed admitted requests for admission and the grant of summary judgment. Byrd v. Bowie, 933 So.2d 899, 901,907 (¶¶ 1, 29) (Miss. 2006).
 ¶ 3. The trial court then entered final summary judgment in favor of Bowie and Brown. Byrd, Gibbs, and Byrd Associates were held to be jointly and severally liable for actual damages in the amount of $2,000,000. It is from this final judgment and damage award that this current appeal arises. Byrd asserts the following errors, which we list verbatim:
 I. The Circuit Court of Rankin County erred in granting summary judgment to Bowie:
 A. The trial court erred in concluding that [the Mississippi Supreme] Court's holding in Byrd v. Bowie, 933 So.2d 899 (Miss. 2006) established all elements of the legal negligence claim against the Byrd [d]efendants.
 B. The deemed admissions as to damages are insufficient to establish that summary judgment as to damages is appropriate.
Since both subparts of the issue, as framed by Byrd, concern the propriety of the grant of summary judgment, we discuss them together as a part of the overarching issue: whether summary judgment was properly granted by the trial judge.
 ¶ 4. Finding that the trial court did not err in granting summary judgment in favor of Bowie and Brown, we affirm the judgment and award of actual damages in the amount of $2,000,000.
 STANDARD OF REVIEW ¶ 5. Our supreme court has consistently held that review of a grant of summary judgment is de novo. Hurdle v.Holloway, 848 So.2d 183, 185 (¶ 4) (Miss. 2003);Miller v. Meeks, 762 So.2d 302, 304 (¶ 3) (Miss. 2000); Crain v. Cleveland Lodge, 1532, Order of Moose,Inc., 641 So.2d 1186, 1188 (Miss. 1994). A summary judgment motion is only properly granted when no genuine issue of material fact exists. Miller, 762 So.2d at 304 (¶ 3); M.R.C.P. 56(c). The moving party has the burden of demonstrating that no genuine issue of material fact exists within the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any[.]" Id. (emphasis added); see also Davis v.Hoss, 869 So.2d 397, 401 (¶ 10) (Miss. 2004); Angladov. Leaf River Forest Prods., Inc., 716 So.2d 543, 547 (¶ 13) (Miss. 1998).
 DISCUSSION ¶ 6. The Court has stated that: *Page 1205 
 [t]o recover for legal malpractice, the plaintiff must prove by a preponderance of evidence the following: (1) Existence of a lawyer-client relationship; (2) Negligence on the part of the lawyer in handling his client's affairs entrusted to him; and (3) Proximate cause of the injury. As to the third factor, proximate cause, the plaintiff must show that, but for his attorney's negligence, he would have been successful in the prosecution or defense of the underlying action.
Lancaster v. Stevens, 961 So.2d 768, 771 (¶ 8) (Miss.Ct.App. 2007) (internal citations and internal quotations omitted). None of the parties to this action dispute that the first two elements are easily established in this case. The dispute lies in whether the third element, or proximate cause of the legal injury, was duly established by the deemed admitted requests for admission. Our review turns now to whether Byrd's deemed admitted requests for admission aid to establish all elements of the legal malpractice case against Byrd.
 ¶ 7. In order to recover against Byrd for legal malpractice and meet the third element of proximate cause, the Bowie plaintiffs are required to show that, but for Byrd's negligence, the Bowie plaintiffs would have been successful in the prosecution of the underlying medical malpractice case.Id. The case before us today was proven through Byrd's admittance that his legal error was the proximate cause of Bowie's damages, albeit the admittance of such proximate cause occurred via the operation of Mississippi Rule of Civil Procedure 36 deeming such facts admitted. The element of proximate cause was established by Byrd's failure to answer or deny the requests for admission.
 ¶ 8. Mississippi Rule of Civil Procedure 36(a) is clear and unambiguous in stating that requests for admission propounded, which remain unanswered, are deemed admitted. Rule 36(b) states that "[a]ny matter admitted under this rule isconclusively established, unless the court on motion permits withdrawal or amendment of the admission." M.R.C.P. 36(b) (emphasis added). Any matter conclusively established is treated as a judicial admission, and thus, both the court and the parties are bound by the admissions. It is through this operation that a court may base a grant of summary judgment upon an admission, if the court is satisfied that there are no outstanding genuine issues of material fact in the case.See M.R.C.P. 56(c).
 ¶ 9. Our supreme court has affirmed a trial court's grant of summary judgment and accompanying award of damages based upon admissions deemed admitted pursuant to Mississippi Rule of Civil Procedure 36 in an action concerning a breach of a construction contract. Sawyer v. Hannan, 556 So.2d 696 (Miss. 1990). In Sawyer, the homeowners brought suit against their contractor and propounded requests for admission. Id.
at 696. Part of the requests for admission requested the contractor to admit that as a result of his acts and/or omissions, the homeowners incurred those damages set forth in the ad damnum section of their complaint. Id.
at 698. The contractor untimely answered the requests for admission propounded to him, and summary judgment in the amount of $80,000 was granted in favor of the homeowners. Id.
at 696. The contractor was found to have admitted the requests for admission based upon the operation of Mississippi Rule of Civil Procedure 36; however, he sought to withdraw the deemed admissions. The trial court denied the contractor's request to have his deemed admitted responses withdrawn, and the contractor appealed. Upon review, the supreme court found that the trial court's denial of the contractor's motion to withdraw his admissions and file an *Page 1206 
answer to the requests for admission was not an abuse of discretion. Id. at 698. Therefore, the grant of summary judgment based upon the admissions and the award of damages based on the damages set forth in the ad damnum
section of the complaint was upheld by the supreme court. Id.
 ¶ 10. We can find no reason why the application of Mississippi Rule of Civil Procedure 36 should be interpreted any differently here than it was interpreted by the supreme court inSawyer. The requests for admission propounded to Byrd asked for an admittance that Byrd's conduct was the proximate cause of Bowie's legal injury, and that such injury damaged Bowie in the amount of $2,000,000. Byrd's failure to deny or answer such requests for admission resulted in the matters being admitted by operation of Mississippi Rule of Civil Procedure 36. While we recognize that in Sawyer damages were awarded in the context of a construction contract case and not in the context of a legal malpractice case, the supreme court did not limit its holding in Sawyer to any particular type of case or matter. Much the same, the supreme court has yet to limit Mississippi Rule of Civil Procedure 36 to only "certain" matters; rather, the plain language of Rule 36 states that it is applicable to "any matter." Rule 36 does not differentiate between admissions of one element of proof from another element of proof. Further, the language of Rule 36 does not differentiate certain matters that will be held to be admitted upon failure to answer or deny the requests for admission. Rather, the rule simply states that "[a]ny matter admitted under this rule is conclusively established"; therefore, the admission can be used as a basis for granting summary judgment. M.R.C.P. 36 (emphasis added).
 ¶ 11. It would be superfluous for a court to take an admitted fact or matter as conclusively established and also require a party to establish the fact or matter for evidentiary purposes. Any other application of Mississippi Rule of Civil Procedure 36 except for its strict construction would undermine Rule 36, making the rule irrelevant. Because Byrd failed to timely answer the requests for admission or object to the requests for admission as provided under Rule 36(a), the matters set forth are automatically deemed admitted. Thus, Bowie met his required element of proof of proximate cause in the legal malpractice case. The admissions served to establish such proximate cause. Rule 36 is self-executing, and in this case, we find each element of legal malpractice to be fulfilled so as to justify a grant of summary judgment.
 ¶ 12. Aside from the forgoing discussion, we also find that several of Byrd's own representations to third parties during the course of this litigation, as well as in other proceedings, setting the amount of damages to be $2,000,000 lend even more credence to the validity of this figure for damages. While the dissent characterizes the damages as "unliquidated" and there-fore unascertainable at this point, we find it necessary to note that upon Byrd's notice of the legal malpractice suit against him, Byrd, himself, notified his malpractice insurance carrier of the pending malpractice suit and listed the amount of damages at $2,000,000. Such a representation can only lend to the argument that Byrd valued the claim against him at this amount. Furthermore, we must note that in an unrelated, but unfortunate turn of events, Byrd's insurer filed for bankruptcy subsequent to Byrd giving notice of the pending claim against him. A sworn proof of claim was filed by Byrd in the malpractice insurer's insolvency proceedings for $2,000,000. Such a representation made by Byrd was subject to the pleading rules of Federal Rule of Civil Procedure 11 and also subject *Page 1207 
to 18 U.S.C. §§ 152, 3571(Rev. 2006), which provide the penalties for presenting a fraudulent claim. Based on the forgoing facts, coupled with Byrd's deemed admission that the actual damages suffered by Bowie are valued at $2,000,000, we find that the trial court did not err in granting summary judgment in favor of Bowie and awarding damages in the amount of $2,000,000.
 CONCLUSION ¶ 13. It has long been established that under Mississippi Rule of Civil Procedure 36, if the party who has been served with a request for admission does not serve a timely response, the requested matter is deemed admitted and for all intensive purposes, conclusively established. Here, all elements of the legal malpractice claim against Byrd, including the proximate cause and actual damages sustained as a result of the legal malpractice, were conclusively established through the requests for admission that were deemed admitted as a result of Byrd's failure to timely answer the requests. Therefore, we affirm the trial court's grant of summary judgment and award of damages in the amount of $2,000,000 in favor of Bowie.
 ¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF RANKINCOUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THEAPPELLANTS.
GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR. IRVING, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY LEE, P.J. AND CHANDLER, J. KING, C.J., NOT PARTICIPATING.
[1] Byrd sought to have the default responses to the Brown parties' requests for admission withdrawn. The trial court refused Byrd's request, and the matter was ultimately upheld by the Mississippi Supreme Court in Byrd v. Bowie,933 So.2d 899, 907 (¶ 29) (Miss. 2006) (Byrd I).