# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-CP-01076-COA

**CYNTHIA McGILBERRY**                                    **APPELLANT**

**v.**

**LISA M. ROSS**                                                    **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 09/09/2021 |
| TRIAL JUDGE: | HON. TOMIE T. GREEN |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | CYNTHIA McGILBERRY (PRO SE) |
| ATTORNEYS FOR APPELLEE: | WILLIAM E. WHITFIELD III JAMES E. WELCH JR. |
| NATURE OF THE CASE: | CIVIL - LEGAL MALPRACTICE |
| DISPOSITION: | AFFIRMED - 09/13/2022 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE BARNES, C.J., GREENLEE AND LAWRENCE, JJ.**

**GREENLEE, J., FOR THE COURT:**

¶1. Cynthia McGilberry retained an attorney named Lisa Ross to represent her in an underlying action against Select Specialty Hospital in federal court. After completing discovery, Select filed a motion for summary judgment, and Ross failed to file a response to Select's motion for summary judgment. The United States District Court for the Southern District of Mississippi dismissed the underlying action with prejudice. McGilberry subsequently filed a legal malpractice claim against Ross in state court for professional negligence, including breach of the duty of loyalty, breach of fiduciary duty, breach of contract, and tortious infliction of emotional distress. Ross moved for summary judgment,

which the Hinds County Circuit Court granted.  Finding no reversible error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.     In May 2013, Select employed McGilberry as the director of quality management. Her employment was terminated in October 2016.  Shortly after, McGilberry retained attorney Lisa Ross to represent her in a federal Title VII action against Select involving allegations of racial and sexual discrimination.[1]  McGilberry pursued her claims against her employer in the United States District Court for the Southern District of Mississippi in April 2017.  After the close of discovery, Select filed a motion for summary judgment in the federal case.

¶3.     Ross filed a motion seeking additional time to respond to the motion for summary judgment.  The district court granted Ross' motion and extended her deadline.  Ross filed a second motion requesting additional time and was granted another extension.  Ultimately, Ross failed to file a response to Select's motion for summary judgment by either deadline. In December 2018, the district court granted Select's motion for summary judgment, finding no genuine issue of material fact existed for a determination by a jury.  Immediately following the order, McGilberry terminated Ross' representation and retained an attorney named Jeffery M. Williams.  Williams filed a motion to reconsider the federal court's order, but the district court denied the motion.

¶4.     In January 2019, following the denial of the motion to reconsider, McGilberry retained an attorney named Eduardo Felchas who appealed from the district court's order to the

---

[1] McGilberry also alleged a state law claim for wrongful termination.

2

United States Court of Appeals for the Fifth Circuit. McGilberry's appeal was dismissed for want of prosecution. In June 2019, McGilberry, through her attorney, filed a legal malpractice action against Ross in the Hinds County Circuit Court, alleging that Ross was negligent by failing to respond to Select's motion for summary judgment. In October 2019, Flechas was disbarred and subsequently withdrew from representing McGilberry.

¶5. Ross filed an answer and affirmative defenses in the circuit court, essentially denying any liability. Soon after, Ross propounded interrogatories and requests for production to McGilberry in which Ross requested the identity of any experts expected to testify in McGilberry's behalf. After failing to receive a response to the interrogatories or requests for production, Ross filed a motion to compel. The circuit court granted Ross' motion in October 2019 and ordered McGilberry to respond before January 3, 2020, or face sanctions. In November 2019, McGilberry requested additional time to seek new counsel. The court granted her an extension to January 3, 2020. On January 3, 2020, McGilberry again requested additional time to find new counsel. The court granted the request and gave McGilberry an extension to February 3, 2020.[2]

¶6. On February 3, 2020, an attorney named Drew Martin entered his appearance on behalf of McGilberry. In May 2020, Ross propounded requests for admission to McGilberry. McGilberry filed her response to Ross' interrogatories and requests for production in June 2020. After various correspondence between the parties, in August 2020, Ross filed a

[2] Notwithstanding the court's order allowing McGilberry additional time to seek new counsel, Ross filed a motion for sanctions on January 31, 2020, based on McGilberry's lack of discovery responses.

3

motion requesting the court to deem the matters in Ross' requests for admission admitted because McGilberry had not filed a timely response.

¶7. In October 2020, McGilberry filed a motion for leave to amend the complaint. The proposed amended complaint asserted claims of legal malpractice, professional negligence, breach of the duty of care, breach of Ross' fiduciary duty, breach of contract, bad faith breach of contract, and tortious infliction of emotional distress. McGilberry filed her responses to Ross' requests for admissions in November 2020.

¶8. In the same month, the court entered an order denying Ross' motion for sanctions and denying the motion to deem the matters in Ross' requests for admissions admitted. The court also granted McGilberry's motion to amend the complaint and ordered its own sanctions against McGilberry for failure to timely respond to Ross' discovery request. The court then entered an agreed scheduling order, setting a trial for September 20, 2021. The order also included deadlines for McGilberry and Ross to designate expert witnesses.

¶9. Ross filed an answer to McGilberry's first amended complaint on November 16, 2020. An amended order was entered re-setting the trial date to June 1, 2021. The following month, McGilberry filed a motion requesting additional time to designate an expert witness. In February 2021, the scheduling order was amended, re-setting the trial for September 20, 2021. The order also required McGilberry to designate expert witnesses by February 26, 2021, and Ross was ordered to designate expert witnesses by March 31, 2021. Shortly after, Martin filed a motion to withdraw as McGilberry's counsel, which the court granted. Ross

timely designated an attorney named Jim Waide as her expert witness.[3]

¶10. On April 2, 2021, McGilberry requested an extension of time to find a new attorney to represent her. The court granted McGilberry's request but informed her that no further extensions would be granted past April 22, 2021. On April 19, McGilberry informed the court that she desired to represent herself pro se.

¶11. In May 2021, Ross filed a motion for summary judgment seeking a dismissal of the action on the ground that McGilberry failed to designate an expert witness. McGilberry filed a pro se motion for an extension of time to obtain an expert witness. But in June 2021, McGilberry filed her response to Ross' motion for summary judgment. Ross filed a consolidated motion in limine to prohibit McGilberry from discussing liability insurance or any settlement negotiations, implying or mentioning that Ross had been subjected to McGilberry's complaint to the Mississippi Bar, or mentioning a desire for punitive damages at trial.

¶12. In August 2021, the circuit court granted Ross' motion for summary judgment and dismissed the action. In its opinion, the circuit court noted that McGilberry was required to show that "but for" Ross' alleged negligent representation, she would have been successful

---

[3] In the disclosure of the expert opinion, Waide opined:

Lisa Ross diligently took depositions of the decision-maker and other relevant witnesses. These depositions failed to adduce any evidence of race discrimination, sex discrimination, or retaliation. Further, the depositions failed to show that Cynthia McGilberry reported any criminal act.

Any response to the motion for summary judgment would not have changed the result.

in the underlying litigation. The court found that McGilberry had failed to show credible proof, by expert testimony or otherwise, essential to survive Ross' summary judgment motion. McGilberry now appeals.

## STANDARD OF REVIEW

¶13. We review an order granting summary judgment de novo. *Ill. Cent. R.R. Co. v. Jackson*, 179 So. 3d 1037, 1044 (¶16) (Miss. 2015). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." M.R.C.P. 56(c). "When reviewing the evidence on summary judgment, the Court should view the evidence in the light most favorable to the nonmovant." *Bennett v. Hill-Boren P.C.*, 52 So. 3d 364, 368 (¶12) (Miss. 2011). "[T]he court cannot try issues of fact on a Rule 56 motion; it may only determine whether there are issues to be tried." *Brown v. Credit Ctr. Inc.*, 444 So. 2d 358, 362 (Miss. 1983) (quoting M.R.C.P. 56 cmt.).

## DISCUSSION

### I. The circuit court did not err in granting summary judgment against McGilberry.

¶14. McGilberry claims that summary judgment should not have been granted since Ross negligently breached her fiduciary duty and duty of care by not filing a response to summary judgment in the federal district court. In her view, Ross' mistakes constituted professional negligence and caused McGilberry to suffer financial loss and damages.

¶15. "Generally, attorneys owe to their clients duties falling into three broad categories."

6

*Est. of St. Martin v. Hixson*, 145 So. 3d 1124, 1128-29 (¶9) (Miss. 2014) (quoting *Baker Donelson Bearman & Caldwell P.C. v. Muirhead*, 920 So. 2d 440, 449 (¶35) (Miss. 2006)):

> First[,] [she] owes a duty of care consistent with the level of expertise [she] holds [herself] out as possessing. This duty of care imports not only skill or expertise, but diligence as well. Second[,] [she] owes [her] client a duty of loyalty and fidelity, which includes duties of confidentiality, candor and disclosure. Third[,] [she] owes any duties created by [her] contract with [her] client.

*Id.* at 1129 (¶9). McGilberry accuses Ross of violating her duty of care and her duty of loyalty. The analysis is different for the two duties; therefore, we will address them separately.

### A.    Duty of Care

¶16.    To prevail on a claim for legal malpractice based on an allegation of negligence, or breach of the standard of care, one must prove by a preponderance of the evidence "(1) an attorney-client relationship; (2) the attorney's negligence in handling the client's affairs; and (3) proximate cause of the injury." *Great Am. E & S Ins. Co. v. Quintairos, Prieto, Wood & Boyer P.A.*, 100 So. 3d 420, 424 (¶17) (Miss. 2012) (citing *Pierce v. Cook*, 992 So. 2d 612, 617 (¶11) (Miss. 2008) (quoting *Hickox v. Holleman*, 502 So. 2d 626, 633 (Miss. 1987) *abrogated on other grounds by Miss. Transp. Comm'n v. McLemore*, 826 So. 2d 31, 35-36, 39 (¶¶8, 22-23) (Miss. 2003))). It is undisputed that an attorney-client relationship existed between Ross and McGilberry; therefore, we begin our analysis by addressing the remaining two elements.

¶17.    A lawyer's duty of care requires her "to exercise the knowledge, skill, and ability ordinarily possessed and exercised by the members of the legal profession similarly situated."

*Id.* (quoting *Wilbourn v. Stennett, Wilkinson & Ward*, 687 So. 2d 1205, 1215 (Miss. 1996)).

"Failure to do so constitutes negligent conduct on the part of the lawyer." *Pierce*, 992 So.

2d at 617 (¶11).

¶18.   Generally, "expert testimony is necessary to establish the breach of a duty of care in

a claim of legal malpractice." *O'Brien v. Alfonso*, 240 So. 3d 471, 479 (¶37) (Miss. Ct. App.

2018) (quoting *Byrd v. Bowie*, 933 So. 2d 899, 904 (¶15) (Miss. 2006)).   However, our

supreme court has "recognized that experts are not required in all legal-malpractice cases."

*Pierce*, 992 So. 2d at 617 (¶15).   The supreme court explained:

> Attorneys involved in malpractice actions must always remember there is a
> pragmatic difference between the trial of other professional malpractice cases
> and a legal malpractice case.   In the former class, the lawyers and judges are
> laymen.   In professional malpractice cases, excepting extreme cases, we rely
> upon experts for guidance.   The attorney who finds himself the defendant in
> a legal malpractice case, however, has a judge and the trial attorneys who are
> already experts.

*Id.* at 617-18 (¶16); *accord O'Brien*, 240 So. 3d at 480 (¶37).   McGilberry did not present

expert testimony at the summary judgment stage.

¶19.   McGilberry submits that Ross owed her a duty of care to act properly according to

their contractual agreement.   Relying on *Hickox v. Holleman*, 502 So. 2d 626 (Miss. 1987),

McGilberry argues it is clear that Ross breached her duty of care by not filing a response to

the motion for summary judgment in federal court after the court granted two extensions;

thus, McGilberry maintains that Ross' actions constituted negligence as a matter of law.

¶20.   *Hickox* involved a legal malpractice claim for failure to file a complaint within the

statutory limitations period.   *Id.* at 636.   The attorney admitted that he "made no effort to

8

check any law to determine the nature of the Hickoxes' claim." *Id*. Our supreme court found that the attorney should have at least done some research to properly represent the Hickoxes, especially since he was unfamiliar with the applicable law. *Id*. The court held that since the attorney did not bother to even open a book, he was negligent as a matter of law and held that the client bringing the negligence action was entitled to a directed verdict on liability without presenting expert testimony on the breach of the standard of care. *Id*. at 634. The court, quoting *George v. Caton*, 600 P.2d 822, 829 (N.M. Ct. App. 1979), explained:

> It does not require expert testimony to establish the negligence of an attorney who is ignorant of the applicable statute of limitations or who sits idly by and causes the client to lose the value of his claim for relief. An attorney who delays the bringing of an action until the statute of limitations has run is guilty of negligence if the attorney did not act solely with a view to promote the interest of his client. . . . Ignorance of statutes or rules of limitation of legal remedies can in itself justify a finding of culpable negligence.

*Hickox*, 502 So. 2d at 636.

¶21. Unlike in *Hickox*, we cannot find that Ross was negligent as a matter of law for failing to respond to a motion for summary judgment. She did not sit idly by. She requested two extensions in an attempt to determine a legitimate and ethical response to the motion and was unable to do so. Here, McGilberry was required to present "expert testimony . . . to support an action for malpractice of a professional [attorney] in those situations where special skills, knowledge, experience, learning or the like are required." *See Dean v. Conn*, 419 So. 2d 148, 150 (Miss. 1982). McGilberry provided no such proof.

¶22. Furthermore, "[t]o recover for a duty-of-care violation, [McGilberry] must show that 'but for [Ross'] negligence, [she] would have been successful in the prosecution or defense

of the underlying action." *Est. of St. Martin*, 145 So. 3d at 1129 (¶10) (quoting *Wilbourn*, 687 So. 2d at 1215). This is "commonly known as the 'trial-within-a-trial test.'" *Crist v. Loyacono*, 65 So. 3d 837, 842 (¶14) (Miss. 2011). According to the record, Ross requested two extensions of time to file a response to the motion for summary judgment and ultimately never filed one, allegedly after determining she had no defense based on the facts; however, the district court explicitly granted the motion for summary judgment regardless of those circumstances. The court explicitly reasoned that if McGilberry had sufficient evidence to show genuine issues of material fact, she should have presented it, stating, "Not only has [McGilberry] provided no explanation for her failure to do so, she has made no effort to demonstrate that such evidence exists."

¶23. McGilberry, citing *Byrd v. Bowie*, 992 So. 2d 1202, 1206 (¶12) (Miss. Ct. App. 2008), claims that statements Ross made to the federal magistrate judge can establish the validity of damages and, therefore, do not require an expert opinion that "but for" Ross' negligence McGilberry would have prevailed in the underlying action. Specifically, McGilberry claims that Ross represented to the magistrate judge that McGilberry incurred more than $70,000 in lost wages and that this statement established her underlying claim and damages assessment. McGilberry's reliance on *Byrd* is misplaced.

¶24. In *Byrd*, plaintiffs brought a legal malpractice claim against their attorney and law firm following the affirmance of a dismissal of a medical malpractice case due to the attorney's failure to timely designate a medical expert. *Id*. at 1203 (¶1). The attorney failed to timely answer requests for admission in the legal malpractice case against him and the

10

firm. *Id*. at (¶2). Two requests for admissions propounded by the plaintiffs stated, "The damages of the Brown Parties in the Brown Death Action were $2,000,000," and "[t]he negligence of [the defendants] resulted in the Brown parties sustaining damages in the amount of $2,000,000." *Id*. at 1203-04 (¶12). Due to the attorney's failure to timely answer, "these two statements were deemed admitted by the attorney." *Id*.; *see* M.R.C.P. 36(b). We held that the grant of summary judgment was proper since all elements of the legal malpractice claim, including proximate causation, were conclusively established by the attorney's failure to answer requests for admission on that issue. *Byrd*, 992 So. 2d at 1207 (¶13).

¶25. Here, Ross wrote a letter to the magistrate judge to provide the judge with an overview of McGilberry's case. In the letter, Ross stated, "McGilberry had incurred more than $70,000 in lost wages." In her answer to McGilberry's amended complaint, Ross admitted that a confidential memorandum to the magistrate judge contained a reference to the loss of $70,000 in lost wages. She admitted that the confidential memorandum was attached as an exhibit and spoke for itself. Except for what was admitted, the remaining allegations in that paragraph were denied. While Ross stated that McGilberry's lost wages amounted to $70,000, unlike in *Byrd*, Ross did not make any admission that her negligence resulted in McGilberry sustaining any damages. Thus, McGilberry was still required to show that "but for [her] attorney's negligence, [she] would have been successful in the prosecution or defense of the underlying action." *Est. of St. Martin*, 145 So. 3d at 1129 (¶10); *see Gulfport OB-GYN P.A. v. Dukes, Dukes, Keating & Faneca P.A.*, 283 So. 3d 676, 679 (¶7)

11

(Miss. 2019) ("Proof of causation is always required when professional negligence is alleged.").

¶26. Furthermore, even though Ross admitted that she failed to file a response to the motion for summary judgment in McGilberry's federal case, the federal court, in its denial of McGilberry's motion to reconsider the grant of summary judgment, stated:

> In the motion [for reconsideration], [McGilberry], through counsel, suggests that "[t]he crux of the [c]ourt's reason for granting summary judgment was the failure of [McGilberry] to file a response, despite being given two extensions of time." While [McGilberry's] failure to respond to the summary judgment motion certainly affected the court's analysis of the motion, the court's decision to grant summary judgment was not based on or because of [McGilberry's] failure to respond. "[S]ummary judgment cannot be granted by default." Fed. R. Civ. P. 56, advisory committee notes to 2010 amendments.

The court further expressed that "[McGilberry] failed to respond to [Select's] well-supported motion and there was consequently no proof to support the allegations in her unsworn complaint." The court explained that "[i]f McGilberry had sufficient evidence to create genuine issues of material facts, she should have come forward with that evidence. Not only has she provided no explanation for her failure to do so, she has made no effort to demonstrate that such evidence exists."

¶27. We also note that McGilberry asserts that she was further prejudiced by being prevented from mentioning her informal Mississippi Bar complaint and a resulting committee opinion regarding Ross' allegedly wrongful and deficient acts and omissions during her legal representation of McGilberry. Although McGilberry argues that Ross failed in her implied and express ethical duties to her and that this perhaps could serve as a basis for invoking the

12

disciplinary process, such failure is not a per se cause of action of civil liability. *See Borries v. Murphy*, 324 So. 3d 261, 268-69 (¶29) (Miss. 2021) ("Failure to comply with an obligation or prohibition imposed by [the Rules of Professional Conduct] is a basis for invoking the disciplinary process. Violation of a Rule should not give rise to a cause of action nor should it create any presumption that a legal duty has been breached.").

¶28.    Since McGilberry failed to produce any evidence that she would have been successful in the prosecution of her underlying action had Ross filed a response, there is no evidence that Ross breached her duty of care.

### B.    Duty of Loyalty

¶29.    "The duty of loyalty is a fiduciary duty." *Borries*, 324 So. 3d at 267 (¶24). The fiduciary nature of a lawyer's duties to his client include confidentiality, candor, and disclosure. *Singleton v. Stegall*, 580 So. 2d 1242, 1245 (Miss. 1991). In particular, "the relationship of attorney and client is one of special trust and confidence. The law requires that all dealings between them shall be characterized by the utmost fairness and good faith on the part of the attorney." *Lowrey v. Smith*, 543 So. 2d 1155, 1160 (Miss. 1989). "When a legal-malpractice claim is based on an allegation of breach of fiduciary duty, the plaintiff must establish (1) the existence of an attorney-client relationship; (2) the acts constituting a violation of the attorney's fiduciary duty; (3) that the breach proximately caused the injury; and (4) the fact and extent of the injury." *Est. of St. Martin*, 145 So. 3d at 1129 (¶12) (quoting *Crist*, 65 So. 3d at 842-43 (¶15)). "However, unlike a duty-of-care violation, a plaintiff alleging a duty-of-loyalty violation does not have to prove that but for the breach,

13

the plaintiff would have won the underlying case. Rather, the proof of proximate cause in such cases is to be tailored to the injury the client claims and the remedy he elects." *Id*. (internal quotation mark omitted) (citing *Crist*, 65 So. 3d at 842 (¶14)). As stated above, it is undisputed that an attorney-client relationship existed between Ross and McGilberry.

¶30. McGilberry claims that during the federal proceeding, Ross told her that a response to summary judgment would be filed. She claims that based on Ross' representation and advice, her omission constituted a breach of fiduciary duty. According to McGilberry, she was injured when she was denied the value of what she would have enjoyed if Ross had performed her duties, including Ross' loyal and diligent services as a fiduciary.

¶31. While it is true that a person may bring an action for a breach of fiduciary duty, in order to recover, a party must also prove proximate causation. *See Singleton*, 580 So. 2d at 1245 ("That an action may lie for the lawyer's breach of these duties is settled. Recovery, however, requires proof of proximate cause[.]"). Specifically, a plaintiff must prove that the fiduciary breach proximately caused the injury. *See Wilbourn*, 687 So. 2d at 1217.

¶32. Here, although McGilberry alleged that Ross breached her fiduciary duty, she failed to show the causal connection. McGilberry was required to prove that Ross' breach proximately caused the dismissal of the underlying action and the chance to recover her lost wages. In responding to a summary judgment motion, the non-moving party "may not rest upon the mere allegations or denials of [her] pleadings, but . . . by affidavits or as otherwise provided [by Rule 56], must set forth specific facts showing that there is a genuine issue for trial." M.R.C.P. 56(e). Other than making conclusory statements, McGilberry submitted no

14

such proof in the Hinds County Circuit Court to create a genuine issue of material fact. This Court reviews a motion for summary judgment de novo, and viewing the evidence in the light most favorable to the nonmoving party, we find that there were no genuine issues of material fact to submit to a jury.

## II. Other Claims

¶33. In her complaint, McGilberry also asserted claims for breach of contract, bad faith breach of contract, and tortious infliction of emotional distress. McGilberry acknowledges that these causes are separate and distinct claims with different elements of proof and damages. However, other than a passing reference to *Tyson v. Moore*, 613 So. 2d 817, 828 (Miss. 1992), McGilberry provides very little argument, fails to cite any authority, and does not provide any credible evidence to support the elements of these causes of action. Her briefing is insufficient to demonstrate reversible error. *See Bissette v. Univ. of Miss. Med. Ctr.*, 282 So. 3d 507, 518 (¶29) (Miss. Ct. App. 2019) ("The failure to cite relevant authority, or the failure to connect the relevant authority to a case procedurally bars consideration on appeal." (citing *Crawford v. Butler*, 924 So. 2d 569, 576 (¶24) (Miss. Ct. App. 2005))).

## CONCLUSION

¶34. Because McGilberry did not meet her burden through her response to the motion for summary judgment, the circuit court's order granting summary judgment in favor of Ross is affirmed.

¶35. **AFFIRMED.**

**BARNES, C.J., CARLTON, P.J., WESTBROOKS, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR. WILSON, P.J., CONCURS**

**IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**